## ADCOCK *v.* SHAW.

No. 6659. January 19, 1929.

*J. M. Lang,* for plaintiff.    *J. G. B. Erwin,* for defendant.

Beck, P. J.    Mrs. Havilah Adcock brought her petition for injunction and other relief against Mrs. Lena Shaw.    On the hearing the court passed an order sustaining a demurrer to the petition as amended, and dismissed the case.    The plaintiff sued out a writ of error.    The petition alleged that the defendant was proceeding to have set apart as a year's support all the property of her deceased husband, G. A. Shaw, and unless restrained by injunction she would secure an order from the court of ordinary approving the return of the appraisers setting aside to her all the property; that the deceased while in life agreed with the plaintiff that he would make a will wherein he would compensate her for her services ren-

dered to him and his wife, the defendant, the services being of the value of $750; that the defendant was guilty of a fraud in her application for a year's support, in alleging that the deceased had left two minor children,. when in fact said children were the defendant's by a former marriage, and the appraisers were thus misled by this false allegation and made their return larger than they would otherwise have done; that the return was excessive; that the description of the property therein was insufficient; that the defendant, knowing of the contract between deceased and petitioner, received certain of the benefits therefrom; that the agreement by deceased was, that plaintiff should have a lien on property described in the petition for her services until the death of deceased, and that he would devise it to her at his death. He died without making a will. There has been no administration and no necessity for an administrator. By amendment petitioner asked to be permitted to have letters of administration issue, and to make the administrator a party to the action. She prayed also that defendant be restrained from proceeding in the court of ordinary with her action, and be required to interplead in a court of equity; that defendant be denied her application to have all of said property set apart to her; that plaintiff recover the interest in the property which she claims under the alleged contract with her deceased father, and that her contract with him be specifically performed; and for other relief as may seem proper.

The court did not err in sustaining the general demurrer. The petition does not contain such an allegation of a precise and definite contract as authorized a court of equity to enforce it. This case does not fall within the rule laid down in several cases decided by this court, in which it has been held, that, where one deceased had made a contract wherein he agreed that for services rendered or work performed he would make a will devising or bequeathing to the other contracting party certain described realty or personalty, or other specified property, or a specific sum of money, equity would entertain a suit for specific performance. In this case nothing more is alleged than that the decedent had agreed to make a will which would compensate the petitioner for certain specified services; and the indefiniteness of the promises in regard to this subject made by the decedent is increased by other allegations in the petition to the effect that "he [the decedent, who it is alleged had

agreed to make the will] then agreed that she should have a lien on his farm for her services, and that what property he had would stand good for her pay for her services when he died." By amendment the further allegation is added, that the defendant, Mrs. Lena Shaw, "knew of the contract made by G. A. Shaw [the decedent] with petitioner, pleaded in the original petition in this case, whereby petitioner was to have a lien upon the property which she [the defendant] is seeking to have set apart to her as a year's support."

"A contract upon which specific performance is sought must be certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it." *Studer* v. *Seyer*, 69 *Ga.* 125. The same or a similar rule is laid down in numerous decisions to be found both in earlier and later cases; and the contract alleged in this petition is far from being brought within that rule. Clearly, the petitioner was not entitled to specific performance of any alleged contract made by the decedent. If she had a contract with him that she was to receive compensation for the services alleged and she rendered those services, she can maintain her suit at law to recover judgment. Not being entitled to specific performance, she had an adequate remedy at law in the court of ordinary. She had already filed her caveat to the application for a year's support; and if the amount of the year's support set apart was excessive, or if the widow was guilty of fraud in representing that the decedent left two minor children, and this influenced the appraisers to award a larger amount as year's support than they otherwise would, that question can be raised in the court of ordinary. It follows from what we have said that the court did not err in dismissing the petition.

*Judgment affirmed. All the Justices concur.*