322

*W. B. Kent,* for plaintiffs in error.   *R. L. Williams,* contra.

BLUMENFELD *v.* CITIZENS BANK & TRUST COMPANY.

No. 6944.   March 14, 1929,

*Frances Blumenfeld,* for plaintiff.

*McIntire, Walsh & Bernstein,* for defendant.

Atkinson, J.   The exception is to a judgment sustaining a demurrer to a petition for specific performance of an alleged contract. The suit was instituted on March 7, 1928.   Mrs. Frances Blumenfeld was the sole plaintiff.   The Citizens Bank & Trust Company was the sole defendant.   The agreement was alleged to have been entered into on January 14, 1924.   At that time the name of the defendant was Citizens Trust Company.   The petition as amended covered quite a broad range; a controlling question, however, is as to whether the alleged contract was sufficiently definite to be enforced in equity by decree for specific performance.   Without restating all of the allegations of the petition as amended, the nature and character of the alleged agreement will be sufficiently revealed by the following narrative gathered from the allegations of the petition as amended.

Moses Blumenfeld owned all of the capital stock of a corporation called the Seaboard Bagging & Tie Company, and at the same time owned and conducted individually a business enterprise under the name, the Savannah Bag Company.   He also owned a designated lot in the Town of Tybee and certain lots on West Bay Street in the City of Savannah.   These city lots were valued at $70,000.   Blumenfeld desired to obtain lines of credit for both of the above-named companies.   Mrs. Blumenfeld, his wife, owned lots valued at $60,000, adjacent to the above-mentioned lots on West Bay Street.   In these circumstances the president of the Citizens Trust Company suggested to Moses Blumenfeld that if he would induce Mrs. Blumenfeld to mortgage her property to the company just named, the president would make an arrangement with the president of the Liberty Bank & Trust Company, whereby the Citizens Trust Company would "finance" the Seaboard Bagging & Tie Company, and the Liberty Bank & Trust Company would "finance" the Savannah Bag Company, by advancing "what money will be necessary from time to time for the operation" of said two

enterprises. Mrs. Blumenfeld, desiring to help her husband, authorized him to act as agent for her and negotiate with both of the banks. These preliminaries led to what will now be stated. Moses Blumenfeld individually and as agent for Mrs. Blumenfeld entered into a parol agreement with the said two banking institutions, a memorandum of which was written out and retained by the president of the Liberty Bank & Trust Company, a copy of which follows:

"Savannah, Georgia. January 14, 1924.

"Agreement between Citizens Trust Company and Liberty Bank & Trust Co. In Re: Savannah Bag Company, Moses Blumenfeld and Frances Blumenfeld. It is understood that all of the Bay Street property is to be transferred to Frances Blumenfeld, that she is to obtain $30,000.00 on a first mortgage on this property, and is to give to the Liberty Bank and Trust Company and the Citizens Trust Company, the second mortgage in the amounts of $12,000.00 and $8,000.00 respectively, that the Liberty Bank & Trust Company and the Citizens Trust Company further lend $8,000.00, taking a first mortgage on the Tybee property and a second mortgage on the Blumenfeld home in the ratio of three to two; the Liberty Bank & Trust Co. advancing $4,800.00 and the Citizens Trust Company $3,200.00, and that the Liberty Bank & Trust Co., will lend to the Savannah Bag Company Inc. $4,500.00, and that the Citizens Trust Company will lend to the Seaboard Bagging & Tie Company $3,000.00. It is further understood that the Mercantile Bank & Trust Company is to issue a letter in which it agrees that it will in no way attempt or proceed to collect any part of the indebtedness due to it after the payment of it of $15,-000.00 by the Citizens Trust Company, for a period of five (5) years."

On February 25, 1924, Moses Blumenfeld and his wife were called upon by the agent of a loan company, who stated that he was ready to turn over to them two checks for $15,000.00 each, when each of them should execute a mortgage on their respective city lots. Mrs. Blumenfeld protested, stating it to be her understanding that she was to get all of her husband's property on Bay Street, and that she was to make one loan for $30,000.00. The president of the Citizens Bank & Trust Company was consulted, and on his advice the two mortgages were executed as proposed. The check

received by Mrs. Blumenfeld was turned over to the Citizens Bank & Trust Company. On March 19, 1924, Moses Blumenfeld and his wife each executed second mortgages to the Liberty Bank & Trust Company, in accordance with the agreement of January 14, 1924. In February, 1928, Mrs. Blumenfeld instituted an action against the Citizens Bank & Trust Company. The petition as amended alleged in substance all that is stated above. Other allegations were to the effect that the property of Moses Blumenfeld on West Bay Street was not turned over to petitioner; that the defendant failed to carry out its part of the contract, and in 1927 refused a request for a loan of one thousand dollars, for relief of the Seaboard Bagging & Tie Company, a result of which was to force that institution out of business and cause a sacrifice of its assets at public sale. The prayers were for specific performance of the "agreement entered into on January 14th, 1924," and for general relief.

When the principle of law stated in the headnote is applied to this case, the alleged contract was clearly too vague and indefinite for enforcement in equity by a decree for specific performance. This view was entertained by the trial judge, and was very clearly and pointedly stated in an opinion he delivered at the time of entering the judgment sustaining the demurrer. The views of the judge were thus expressed:

"Specific performance can not be decreed if it is not in the power of the defendant to perform the contract. The gravamen of this case is the failure of petitioner to obtain title to certain realty described. The title to it was in her husband. It was not in the defendant. It was never in the defendant. The defendant could not convey; and there can be no breach of a contract where there was impossibility of performance and such impossibility was known to the plaintiff. There is no suggestion in the agreement that the defendant was to convey the property to the plaintiff. To authorize a decree for specific performance the contract must be certain, definite and clear. The terms of the contract should be precisely stated. The petitioner avers, in (b) —the amendment to the 9th paragraph of the petition, that 'The agreement which defendant should be required to specifically perform is the agreement attached to the original petition,' which is: ' It is understood that all of the Bay Street property is to be transferred to Frances Blumenfeld, that she is to obtain $30,000.00 on a first mortgage on this prop-

erty and is to give to the Liberty Bank and Trust Company and the Citizens Trust Co., the second mortgage in the amounts of $12,000.00 and $8,000.00 respectively, that the Liberty Bank & Trust Company and the Citizens Trust Company further lend $8,-000.00, taking a first mortgage on the Tybee property and a second mortgage on the Blumenfeld home in the ratio of three to two; the Liberty Bank & Trust Co., advancing $4,800.00 and the Citizens Trust Company $3,200.00, and that the Liberty Bank & Trust Co. will lend to the Savannah Bag Company Inc. $4,500.00, and that the Citizens Trust Company will lend to the Seaboard Bagging & Tie Company $3,000.00. It is further understood that the Mercantile Bank & Trust Company is to issue a letter in which it agrees that it will in no way attempt or proceed to collect any part of the indebtedness due to it after the payment to it of $15,000.00 by the Citizens Trust Company, for a period of five (5) years.'

"The agreement is uncertain. What was 'all the Bay Street property?' By whom was it to be transferred to the petitioner? When was it to be transferred? What was the consideration? By whom was it to be paid? When was the debt for which the mortgage was to be given to mature? On what property was the petitioner to give to the Liberty Bank & Trust Co. and the Citizens Trust Co. 'the second mortgage?' When was the debt to be secured by 'the second mortgage' to mature? Were these debts to bear interest? When was the $8,000.00 to be lent by the two banks? To whom was it to be lent? When was this debt to mature? Was this debt to bear interest? What was the Tybee property? Was the $4500.00 to be lent by the Liberty Bank included in the $4800.00, or was the $4500.00 to be an additional loan? Was the $3000.00 to be lent by the Citizens Bank included in the $3200.00, or was it to be an additional loan? What obligation was there on the part of the Citizens Co. to pay $15,000.00 to the Mercantile Bank? By whom was the indebtedness due to the Mercantile Bank? The Mercantile Bank is not a party to the alleged agreement. Did it agree to postpone collection of indebtedness to it? The agreement does not so state. By whom was the indebtedness due to the Mercantile Bank? What obligation was the Citizens Bank under to pay to the Mercantile Bank $15,000.00? What right of action, legal or equitable, has the petitioner to compel the specific performance of this agreement?"

. Other questions were raised by the demurrer, as to the sufficiency of the petition to allege a cause of action; but as the question already dealt with controls the case, no ruling will be made upon such other questions.

*Judgment affirmed.    All the Justices concur.*