SHELTON *v.* SMITH & SIMPSON LUMBER COMPANY *et al.*

RUSSELL, C. J. The allegations of the petition are not sufficient to set up a cause of action for specific performance, because all the purchase-money is not yet due and has not been paid; but in view of the fact that the record title is not in petitioner's name, and consequently her occupancy would not be notice of her interest, the allegations are sufficient to authorize the grant of an injunction against disturbing her possession.
                    *Judgment reversed. All the Justices concur, except*
ATKINSON and BELL, JJ., dissenting. The petition failed to show with sufficient certainty the amount to be paid by the plaintiff under the agreement, so as to enable the court to enforce the agreement by a decree of specific performance. *Blumenfeld* v. *Citizens Bank & Trust Co.*, 168 *Ga.* 322 (147 S. E. 579); *Gabrell* v. *Byers*, 178 *Ga.* 16 (172 S. E. 227). The prayer for injunction to prevent interference with the plaintiff's possession was dependent upon her alleged right to specific performance, and necessarily failed with her prayer for that relief.

No. 9849. JULY 10, 1934. REHEARING DENIED SEPTEMBER 25, 1934.

*Drennan & Giles*, for plaintiff.
*Bryan, Middlebrooks & Carter*, for defendants.