HULGAN *v.* GLEDHILL *et al.*

HEAD, Justice. 1. Mere inadequacy of price may justify a court in refusing to decree a specific performance; so also any other fact showing the contract to be unfair, or unjust, or against good conscience. Code, § 37-805.

2. "To justify the specific execution of a parol agreement, its terms and conditions should be precisely stated. If the contract which is sought to be performed, is vague and uncertain, or the evidence does not support it, equity will not enforce it." *Miller* v. *Cotten*, 5 *Ga.* 341; *Matthews* v. *Blanos*, 201 *Ga.* 549, 562 (40 S. E. 2d, 715), and cases cited.

3. "A parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, strongly and satisfactorily, as to leave no reasonable doubt as to the agreement." *Printup* v. *Mitchell*, 17 *Ga.* 559 (63 Am. D. 258); *Beall* v. *Clark*, 71 *Ga.* 818 (3); *Smiley* v. *Smiley*, 144 *Ga.* 546 (87 S. E. 668); *Gordon* v. *Spellman*, 148 *Ga.* 394 (2) (96 S. E. 1006); *Lloyd* v. *Redford*, 148 *Ga.* 575 (97 S. E. 523); *Salmon* v. *McCrary*, 197 *Ga.* 281 (29 S. E. 2d, 58).

4. In this case the petitioner alleged that the defendant contracted to build a house for him at a cost of "approximately $2000." The petition does not allege, and the evidence fails to show, the value of the land, or the house, and there is no evidence as to the type of house which the defendant was to build, nor any other fact from which an inference might be drawn by a jury as to the value of the property. The evidence was not sufficient to support a verdict and decree for specific performance, and the court did not err in granting a nonsuit. *Coleman* v. *Woodland Hills Co.*, 196 *Ga.* 626 (27 S. E. 2d, 226); *Barnett* v. *Henry*, 200 *Ga.* 365 (37 S. E. 2d, 340).

5. The petitioner testified that the contract price was $2880, and, further, that a part of the consideration was certain work to be performed on lands of the defendant by members of the Civilian Conservation Corps, an agency of the Federal Government, under the direction of the petitioner. The common-law rule, that no public agent may make a profit out of public business entrusted to his care, is the rule in this State. *Montgomery* v. *City of Atlanta*, 162 *Ga.* 534, 546 (2) (134 S. E. 152), and cases cited. Since a part of the consideration for the alleged contract was illegal, the court did not err, for this reason, in granting the nonsuit.

*Judgment affirmed. All the Justices concur.*

No. 17220. OCTOBER 11, 1950.

*Edward F. Taylor* and *V. J. Adams,* for plaintiff.

*Jones, Jones & Sparks, Charles M. Cork,* and *A. O. B. Sparks Jr.,* for defendants.