## HARRIS *v.* TRIPPI.

No. 17974. SUBMITTED SEPTEMBER 8, 1952—DECIDED OCTOBER 14, 1952.

*Milner & Stephens,* for plaintiff in error.

*Erwin, Nix, Birchmore & Epting,* contra.

HEAD, Justice.   The instrument attached to the plaintiff's petition is nothing more than a proposal by the defendant to lease from the plaintiff a filling station, if and when a station might be constructed by the plaintiff.  The trial judge quite properly found that the instrument was without consideration, and being without consideration, although continuing in character as to time, the plaintiff had the right to reject the proposal by the defendant and to decline to proceed with the construction of a filling station.  *Prior* v. *Hilton & Dodge Lumber Co.,* **141** *Ga.* 117 (80 S. E. 559); *Phinizy* v. *Bush,* **129** *Ga.* 749; *Hackett*

v. *Ladson,* 152 *Ga.* 483 (110 S. E. 232) ; *Tobey* v. *Seaboard &c. Construction Co.,* 169 *Ga.* 104, 105 (2) (149 S. E. 914) ; *Rivers* v. *Key,* 190 *Ga.* 852 (11 S. E. 2d, 14) ; *State Highway Dept.* v. *MacDougald Construction Co.,* 54 *Ga. App.* 310 (187 S. E. 734).

The defendant's amendment, in which he relies upon a purported oral agreement, can not be sustained. The amendment alleges that the proposed lease would be in accordance with "Texas Company's Form G 77 A," and a copy of this form is attached to the amendment.

A contract upon which specific performance is sought must be certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it. *Studer* v. *Seyer,* 69 *Ga.* 125; *Hill* v. *Hill,* 149 *Ga.* 50, 52 (99 S. E. 31) ; *Adcock* v. *Shaw,* 167 *Ga.* 710 (146 S. E. 478) ; *Blumenfeld* v. *Citizens Bank & Trust Co.,* 168 *Ga.* 322 (147 S. E. 579).

Even the most casual consideration of the form of the lease, which the defendant alleges was to be executed at some future time, shows a wholly incomplete agreement, and one wherein specific performance could not be decreed. Much of the purported lease agreement is in blank, and the items would have to be agreed upon by the parties at some future time, or be supplied by the court. In paragraph 9 (b) there are nine items that would have to be agreed upon by the parties, and in subparagraph (c) of the same paragraph there are sixteen items that would have to be agreed upon. For the court to decree specific performance of the purported lease agreement would be for the court to make a contract between the parties. This a court of equity will not do.

The trial court properly sustained the demurrers to the answer as amended.

*Judgment affirmed. All the Justices concur.*