## 35255. BAKER *v.* AMERICAN OIL COMPANY.

Decided September 24, 1954.

*Barrett & Hayes, D. R. Jones, Jr.,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, Dan MacDougald,* contra.

QUILLIAN, J. J. E. Baker sued American Oil Company in Fulton Superior Court. The suit was based upon a guarantee of American Oil Company to indemnify the plaintiff against a wrong act in breaking a contract with one Mrs. Crawford, as agent for Texas Oil Company. The defendant filed to the petition a general demurrer, which was sustained and the petition dismissed. The plaintiff excepted.

The petition as finally amended alleged: that the defendant is engaged in the wholesale gasoline and oil business and filling-station supplies in Georgia; that the defendant is indebted to the plaintiff in the sum of $2,100; that the plaintiff owns property located at 2879 Gordon Road, S. W., and had leased this property to two named individuals during the year 1942; that Mrs. Crawford approached the plaintiff regarding the signing of a contract to have her furnish gasoline and oil for his said property, and after consulting with the said lessees and securing their agreement, the plaintiff entered into a written contract with the said Mrs. Crawford on June 23, 1945, which contract was to run for 7½ years and in which the plaintiff agreed to use exclusively the products of Texaco Oil Company. The contract referred to is set forth in the petition, and it appears therefrom that Mrs. Crawford agreed thereby to install on the premises mentioned certain gasoline-station equipment; that certain other equipment already installed at the time of the contract was declared thereby to be the property of Mrs. Crawford; and it further appeared that she had caused certain improvements to be made to the premises at her own expense, which was a part of the consideration for the contract.

The petition further alleged: that thereafter H. C. Posey and Fred J. Baker purchased the business operated at the location for the two previous lessees; "that in December of 1949, the American Oil Company, by and through its duly authorized agent, servant and employee, and person in charge of entering into contracts and leases, with filling stations, by the name of Mr. Lance, his first name being unknown to this petitioner, but well known to this defendant, and the said Mr. Lance, who was at all times herein alleged, acting within the scope of his authority and about his master's business, approached your petitioner and wanted him to enter into a contract with him to use the American Oil Company's products and your petitioner shows that he informed the said representative of the said company, that he could not obligate himself or the business or his property or use any filling station products with the exception of from the Texaco Oil Company, as he had entered into a contract with the said Mrs. J. M. Crawford to use this exclusively for a period of seven and one-half years. 7. Your petitioner shows that the said Mr. Lance insisted that he be furnished with a copy of this contract entered into by and between this petitioner and the said Mrs. J. M. Crawford, and give him a chance to submit it to his legal department and ascertain whether or not the said contract was good or not"; that the petitioner furnished Mr. Lance with a copy of the contract, which he took off and kept for some 3 or 4 months, and that at the expiration of that period he returned and informed the petitioner that the contract was no good whatsoever and was not binding; that on or about December 1, 1949, the petitioner and Lance, on behalf of the defendant, American Oil Company, entered into the following oral agreement: "That for and in consideration of J. E. Baker agreeing for gas, oil, and other petroleum products of the American Oil Company to be sold on the premises of 2879 Gordon Road, S. W., Atlanta, Georgia, for and in consideration of J. E. Baker permitting the removal of all of the gas pumps and other equipment placed on said premises by Mr. J. M. Crawford under the contract between Mrs. J. M. Crawford and J. E. Baker (said contract being quoted in paragraph 4 of the petition), and install American Oil Company gas pumps and other equipment in their place, and for and in consideration of J. E. Baker signing a 'Landlord's consent'

for Fred J. Baker and H. C. Posey, his two lessees of 2879 Gordon Street, S. W., Atlanta, Georgia to entering into a contract to purchase all their gas, oil, and other petroleum products from the American Oil Company instead of from Mrs. J. M. Crawford, the American Oil Company will stand good and pay J. E. Baker for any losses that he may sustain of any kind, nature or character including the expense of any law suit, any judgment that may be obtained against him by Mrs. J. M. Crawford, as well as any other losses J. E. Baker sustains by reason of his agreeing for gas, oil, and other petroleum products of the American Oil Company to be sold on the premises of 2879 Gordon Road, S. W., Atlanta, Georgia, or by permitting the removal of all of the gas pumps and other equipment placed on said premises by Mrs. J. M. Crawford under the contract between Mrs. Crawford and J. E. Baker, and install American Oil Company pumps and other equipment in the place of the ones removed, or by reason of J. E. Baker signing a 'Landlord's Consent' for H. C. Posey and Fred J. Baker to enter into a contract to purchase all their gas, oil, and other petroleum products from the American Oil Company, instead of from Mr. J. M. Crawford or by reason of their being a determination that the contract entered into between J. E. Baker and Mrs. J. M. Crawford being determined to be valid."

The petition further alleged: that thereafter the plaintiff permitted the removal of Mrs. Crawford's pumps and service-station equipment and the installation of American Oil Company's equipment and signed a "Landlord's Consent" as agreed, and American Oil Company began furnishing oil, gas, and other petroleum products to be sold on the premises; that "Your petitioner shows that the said Fred J. Baker and H. C. Posey, who were operating the said station, at this time, entered into a contract with the said American Oil Company for them to furnish their products and went ahead and ignored the contract which he had signed, with the said Mrs. J. M. Crawford, and the said H. C. Posey and Fred J. Baker, quit purchasing the Texaco products, in accordance with the contract that your petitioner had signed with Mrs. J. M. Crawford and started using the American Oil Company's products and ignored his contract with Mrs. J. M. Crawford, and your petitioner shows that he persisted

and begged the American Oil Company not to disregard the contract that he had signed with Mrs. Crawford, and your petitioners show that they insisted that they would be responsible to him for any and all losses of every nature, character and description which he might suffer; and this agreement which is set out in paragraph 10 of this amendment was then entered into by and between J. E. Baker and the said American Oil Company, by and through its duly authorized agent, servant and employee, Mr. Lance. 14. Your petitioner shows that on January 16, 1950, that he was sued jointly with American Oil Company, H. C. Posey and Fred J. Baker in the Fulton Superior Court, Case No. A-16623, and that the jury in the Fulton Superior Court held the contract to be valid and binding and restrained him and the said H. C. Posey and Fred J. Baker from selling the products of the American Oil Company, . . . 15. Your petitioner shows that he was renting the property known as 2879 Gordon Road, S. W., Atlanta, Georgia, to the said H. C. Posey and Fred J. Baker for a reasonable rental of $150.00 per month until they were restrained and enjoined from using the American Oil Company's products at this location. Your petitioner shows that no one would furnish this property with gas, oil, or other petroleum products and for this reason he was able to rent this property for only $100.00 per month for the 19 months following the issuing of this injunction which was a loss of $950.00 to your petitioner flowing directly from the contract entered into between him and the American Oil Company as is set out in paragraph 10 of his petition as amended, which damages arise naturally and was within the contemplation of the parties when the contract was entered into and for which J. E. Baker is entitled to recover under said contract. 16. Your petitioner shows that he paid to Mr. J. H. Kennerley, attorney at law, the sum of $150.00 to defend the above styled suit No. A-16623 in the Superior Court of Fulton County, Georgia. 17. Your petitioner shows that the said Mrs. J. M. Crawford filed suit for damages against him, and the said H. C. Posey and Fred J. Baker in the sum of $25,000.00, same being case No. A-22087, Fulton Superior Court and this case was carried to the Court of Appeals of Georgia, and he had to expend $1,000.00 to Barrett & Hayes for attorneys' fee. 18. Your petitioner shows that he was forced to pay

$100.00 for the installation of Mrs. J. M. Crawford's Texaco pumps when he had to replace them after the Court of Appeals of the State of Georgia had held the contract set out in paragraph 4 of this petition between Mr. J. E. Baker and Mrs. J. M. Crawford to be good. 19. Your petitioner shows that because of the courts determining (1) that the foregoing contract between J. E. Baker and Mrs. J. M. Crawford was valid (2) that because of his signing the foregoing 'Landlord's Consent,' (3) that because of his permitting the use of American Oil Company's gas, oil, and other products, and (4) that because of the conditions, items, and actions herein alleged J. E. Baker is entitled to recover of the defendant, the American Oil Company, $950.00 loss of rent, $1,150.00 as attorney fees for defending the foregoing suits, and $100.00 for reinstalling the Texaco gas pumps, or a total of $2,100.00."

The question for decision in this case is whether a contract by which one agrees to indemnify another against loss in order to induce him to break a contract with a third party is enforceable under the laws of this State. The plaintiff in error's brief is replete with a compilation of foreign authorities holding that a contract of the nature above referred to is legal and enforceable. The brief is well prepared and evinces praiseworthy genius and industry.

Whatever may be the rule in other jurisdictions, Georgia adheres to the wholesome doctrine that the consideration of a contract must be moral and legal. If its consideration fails to meet either of these requirements, the contract is not enforceable. "Impossible, immoral, and illegal conditions are void and are binding upon no one." Code § 20-111. "In all cases he who maliciously procures an injury to be done to another, whether it is an actionable wrong or a breach of contract, is a joint wrongdoer, and may be sued either alone or jointly with the actor." Code § 105-1207. In a well-considered and strongly worded opinion in *Luke* v. *DuPree*, 158 *Ga.* 590, 595-597 (124 S. E. 13), the Supreme Court said: "It is actionable maliciously or without justifiable cause to induce one to break his contract with another to the damage of the latter. . . The theory of this doctrine is that the parties to a contract have a property right therein, which a third person has no more right maliciously to deprive

them of, or injure them in, than he would have to injure their property. Such an injury amounts to a tort for which the injured party may seek compensation by an action in tort for damages.

"An examination of the authorities cited above will show that the term 'malicious' or 'maliciously' means any unauthorized interference, or any interference without legal justification or excuse. Personal ill will or animosity is not essential. So this court has held. . . Such examination will likewise disclose that this doctrine is not confined to contracts of employment alone, but extends to all contracts. A conspiracy is a combination to accomplish an unlawful end, or to accomplish a lawful end by unlawful means. . . The breach of a contract is unlawful. It is unlawful for others, without lawful excuse, to induce the maker of a contract to break it, or to aid him in its breach; and for the maker and others to combine to break it is a conspiracy, which entitles the other party to the contract to his action against the conspirators for any damage which he may sustain." See also *Employing Printers Club* v. *Doctor Blosser Co.*, 122 *Ga.* 509 (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. R. 137, 2 Ann. Cas. 694); *Darnell* v. *Toney*, 41 *Ga. App.* 673 (154 S. E. 379).

The indemnity contract upon which suit is brought has for its consideration the immoral and illegal conspiracy to wrongfully deprive Mrs. Crawford of the fruits of her contract with the plaintiff in error. It was consequently unenforceable.

The trial court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*