### 20270. ZACHOS v. ZACHOS et al.

WYATT, Presiding Justice. The facts set forth in the petition and amendment here under review are stated in *Zachos v. Citizens & Southern Nat. Bank*, 213 *Ga.* 619 (100 S. E. 2d 418), and will not be repeated here. After the decision in that case, Mrs. Mamie Elizabeth Zachos in her individual capacity objected to being made a party to the case. The trial

court sustained her objection and refused to make her a party. The exception here is to that judgment. *Held:*

Discussing proceedings of the kind here involved, it is stated in Redfearn on Wills and Administration of Estates (Rev. ed.), page 27, as follows: "The cause of action for the breach of the contract arises at the death of the person promising to make the will." In *Harp v. McGehee,* 179 *Ga.* 836, 839 (177 S. E. 244), it is said: "However, by the very terms of the oral contract the plaintiff would not be entitled to the possession or proceeds until the death of Mrs. Green." "A contract by which one of the contracting parties agrees with the other that he will make a will containing a legacy fully compensating the latter for services rendered and to be rendered to the former during his lifetime is valid and enforceable. Upon the failure of one of the contracting parties in such a case to make the will containing an item providing compensation, a cause of action arises at his death in favor of the surviving party." *Banks v. Howard,* 117 *Ga.* 94 (1, 2) (43 S. E. 438). In the instant case, Mrs. Mamie Elizabeth Zachos is in life. It does not appear that she agreed to make the will contended for at any given date or at any specific time; but it is only alleged that she agreed to make the will containing the provisions insisted upon. Applying the principles of law above referred to, no cause of action for specific performance can be maintained against Mamie Elizabeth Zachos during her lifetime. It follows, the judgment under review was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

Argued November 10, 1958—Decided January 12, 1959.

*John H. Hudson, W. R. Hudson,* for plaintiff in error.
*Noah J. Stone, Casper Rich,* contra.