20677. MEAD *v.* McGEE.

SUBMITTED OCTOBER 13, 1959—DECIDED NOVEMBER 4, 1959.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*Oliver & Bostick,* contra.

MOBLEY, Justice. The exception is to a judgment of the Superior Court of Hall County sustaining a motion for nonsuit of the plaintiff's petition as amended, seeking specific performance of an oral contract to convey land. ". . . If a plaintiff fails to establish the material allegations of his petition, or if his testimony is contradictory and uncertain as to such allegations, the court, on motion to nonsuit, should construe the evidence most strongly against him, and may, if no other testimony appears, be authorized to grant a nonsuit." *Clark* v. *Bandy,* 196 *Ga.* 546, 561 (27 S. E. 2d 17). See also *Ray* v. *Green,* 113 *Ga.* 920 (39 S. E. 470). In a suit for the specific performance of a parol contract to convey land, the parol contract "should be made out so

clearly, strongly and satisfactorily as to leave no reasonable doubt as to the agreement." *Printup* v. *Mitchell*, 17 *Ga.* 558 (16) (63 Am. Dec. 258). Following these principles, this court held in *Salmon* v. *McCrary*, 197 *Ga.* 281 (29 S. E. 2d 58), that a nonsuit was properly granted by the trial court since the plaintiff, who sought specific performance of a contract to convey land, offered inconsistent testimony in her attempt to establish the alleged agreement, and thereby failed to establish the oral contract "so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the contract." In that case (p. 287), the court held: "Any inconsistencies in testimony offered by her must be resolved against her. The evidence did not establish the alleged contract so as to entitle the claimant to specific performance, and the court did not err in granting a nonsuit."

The plaintiff was the sole witness in his behalf, and his testimony was contradictory and uncertain as to the allegations of his petition; and, construing the evidence most strongly against him, the court was authorized to grant the nonsuit.

Although the plaintiff alleged that he entered into an oral contract with the defendant on June 4, 1955, to convey him ninety-seven acres of land, he testified that he entered the contract on or about June 15, 1955. He later retracted this testimony and said that he thought June 4 was the date of the contract.

The petition alleged that the agreed purchase price was $1,500; that the plaintiff paid $1,000 on June 4, 1955, $260 on August 23, 1955, $200 on May 5, 1956, and $50 on October 8, 1956. He testified that these checks had been burned in the fire which destroyed his attorneys' offices, but he introduced in evidence the stub of the check for $50 dated October 8, 1956, on which was written: "Bal. due on 97 acres Fork District." The defendant testified that she had not entered into a contract for the sale of the land to the plaintiff, and that the payments allegedly made by the plaintiff on the purchase price of the property were actually made in repayment of loans made by her to the plaintiff. She testified that she lent the plaintiff $3,000 on January 31, 1955, at which time he already owed her $800 on previous loans which she had made to him, and that the check for $50 in October, 1956, was in final payment of the sum the plaintiff

owed her on the loans. In regard to the loans, the plaintiff testified that, on June 4, 1955, when he paid the defendant $1,000, he did not owe her the $3,800; that she gave him a check for $3,000 on January 31, 1955, but that he gave it back to her. He then changed his testimony and said that he deposited that check in the bank and gave the defendant his check for $3,000 in return. When asked if he had the $3,000 check of January 31, 1955, he stated that he did not give the defendant a check for $3,000 in 1955, that it was in 1953. When asked how he could give a check in 1953 to reimburse a 1955 loan, he conceded that he did not know and said that he did not borrow $3,000 from the defendant in 1955. When confronted with the check for $3,000 dated January 31, 1955, from the defendant to him, he conceded that the date and the amount were correct, but stated that he repaid the loan about ninety days later. Subsequently, he testified that he paid the defendant $1,500 on March 10, 1955, on the $3,000 borrowed from her on January 31, 1955; but he was unable to show how and when he repaid the remaining $1,500 of the loan. Still later in his testimony, he stated that he borrowed $3,000 from the defendant on January 31, 1955, but that he did not know how he repaid her.

In regard to the allegation of his petition that, upon entering the contract on June 4, 1955, he immediately went into possession of the land and had since exercised complete and exclusive possession of the property, and that he had made valuable improvements on the land by planting pine seedlings and Bermuda grass thereon, the plaintiff testified that he did not know whether or not he had planted any Bermuda grass in 1955, but that he was sure he had planted some in 1956; that he did not plant any pines until about March 3, 1958, nine days before filing suit; that he did not return the property for taxes until March 24, 1958, twelve days after filing suit; and that he had done no other act of possession.

The burden of proof was on the plaintiff to prove the alleged contract "so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the contract." *Salmon* v. *McCrary*, 197 *Ga.* 281, 287, supra. Any inconsistencies and contradictions in testimony offered by him must be resolved against him. The

evidence did not establish the alleged contract so as to entitle him to specific performance. Accordingly, the trial court did not err in granting the defendant's motion for a nonsuit.

*Judgment affirmed. All the Justices concur.*