20805.   CHARLES *v.* SIMMONS *et al.*

ARGUED FEBRUARY 8, 1960—DECIDED MARCH 16, 1960.

*Reed, Ingram & Flournoy, Phillips & Johnson,* for plaintiff in error.

*Sheats, Parker & Webb, Paul Webb, Jr.,* contra.

MOBLEY, Justice. ■ The petition fails to set forth a cause of action to vacate and set aside the order probating the will in solemn form, because of alleged fraud of J. W. Simmons in securing the acknowledgment of service and assent to probate in solemn form instanter from the plaintiff. The petition alleges that the defendant, J. W. Simmons, who was named executor of the will, prior to the filing of the will for probate and his qualification as executor, asked the plaintiff to acknowledge service of the application for probate; that the plaintiff, who was still in a dazed, broken-up, and emotional state on account of the death of his wife, asked J. W. Simmons to read the acknowledgment to him; that the defendant Simmons read the acknowledgment of service but failed to read the words "and hereby assent to the probate of the will in solemn form instanter," which were contained in the acknowledgment; that Simmons did not tell him that he was agreeing to probate of the will in solemn form instanter, but told him that it would not be probated in solemn form until the first Monday in June 1959; that, relying on Simmons' representations, he did not read the acknowledgment of service; that, immediately after signing the acknowledgment of service, he was handed a copy of the will but did not read it for several days; that, the day after the entombment of his wife, who died on April 19, 1959, he signed the acknowledgment of service, and the will was probated in common form on April 23 and in solemn form on May 4.

". . . While the judgment of a court may be set aside for proper cause, it will not be done if the party complaining does not show proper diligence in discovering or attempting to discover the facts upon which he relies to annul the judgment." *Hightower* v. *Williams*, 104 *Ga.* 608, 610 (30 S. E. 862). "Courts of equity grant relief only in favor of the diligent; and this court has uniformly held that equity does not relieve from a judgment which could have been prevented but for the negligence of the complaining party. *Rogers* v. *Kingsbury*, 22 *Ga.* 60; *Vaughn* v. *Fuller*, 23 *Ga.* 366. Negligence of a party precludes the interference of equity against the judgment. *Yopp* v. *Clopton*, 32 *Ga.* 362; *Hill* v. *Harris*, 42 *Ga.* 412." *Redwine* v. *McAfee*, 101 *Ga.* 701, 704 (29 S. E. 428).

"The Code declares that if a party, by reasonable diligence, could have had knowledge of the truth, equity will not relieve. § 37-211. Any misrepresentation, act, or artifice intended to deceive, and which does deceive another, is such a fraud as may authorize cancellation of a written contract; but, as this court has often held, a party to a contract who can read must read or show a legal excuse for not doing so, and ordinarily, if fraud is the excuse, it must be such fraud as prevents the party from reading." *Livingston* v. *Barnett*, 193 *Ga.* 640, 653 (19 S. E. 2d 385). See *Whitfield* v. *Whitfield*, 204 *Ga.* 64, 65 (48 S. E. 2d 852). The foregoing principles are applicable to the execution by the plaintiff of the acknowledgment of service and assent to probate of the will in solemn form instanter. The rule, that one who can read must read, was applied by this court to an acknowledgment of service of a bill of exceptions in *Bigby* v. *Powell*, 25 *Ga.* 244 (71 Am. Dec. 168).

The plaintiff, by the exercise of the slightest degree of diligence could have prevented the results of fraud alleged to have been perpetrated upon him. First, he could and should have read what he was signing. Furthermore, the will was not probated in solemn form until May 4, about two weeks after he acknowledged service. He had ample time to discover the fraud and prevent the consequences by the exercise of proper diligence.

The allegations do not show mental incompetence of the plaintiff either at the time he signed the acknowledgment of service or during the interval from the day he signed the acknowledgment through May 4. The allegation that Simmons was a frequent visitor in the plaintiff's home and that he had been a close personal, confidential, and business adviser to the plaintiff does not establish the existence of a confidential relationship between them within the meaning of Code § 37-707. See *Dover* v. *Burns*, 186 *Ga.* 19 (1), 25 (196 S. E. 785), and *Lewis* v. *Foy*, 189 *Ga.* 596, 600 (6 S. E. 2d 788). At the time the fraud was allegedly perpetrated upon the plaintiff, the defendant Simmons had not qualified as executor of the will; so a confidential relationship did not exist between the plaintiff and the defendant Simmons at that time by reason of any executor-devisee relationship. By the exercise of reasonable diligence, the plaintiff could have

discovered the alleged fraud committed against him; so equity will not relieve him.

■ The allegation that, several years prior to her death, the petitioner's wife said that she had made her last will and testament; that, prior to her last illness, she had time and again during their married life said that she was leaving her entire estate to him at her death; and that he, in reliance upon these statements, had made valuable improvements upon the property, fails to state a cause of action for specific performance of an oral contract to convey land or other property. This wholly fails to allege any agreement on the part of the wife to leave him her property in consideration of anything he might do. A contract between the parties is not alleged. Furthermore, "A contract upon which specific performance is sought must be certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it. *Studer* v. *Seyer,* 69 *Ga.* 125; *Hill* v. *Hill,* 149 *Ga.* 50, 52 (99 S. E. 31); *Adcock* v. *Shaw,* 167 *Ga.* 710 (146 S. E. 478); *Blumenfeld* v. *Citizens Bank & Trust Co.,* 168 *Ga.* 322 (147 S. E. 579)." *Harris* v. *Trippi,* 209 *Ga.* 369, 372 (72 S. E. 2d 704).

■ The petition does not state a cause of action for damages on account of the alleged "wrongful acts, deeds, and conduct of the defendants." As we construe this contention, it is that the plaintiff is entitled to damages because the defendants have wrongfully interfered with his contractual rights to be named beneficiary in the will of his wife.

While it is actionable to maliciously and without justifiable cause induce one to break his contract with another to the damage of the latter (*Luke* v. *DuPree,* 158 *Ga.* 590, 595 (1), 124 S. E. 13, and cases cited), this presupposes the existence of a valid, enforceable contract; and where, as here, there was no such contract and the plaintiff had no contractual rights to be violated, a cause of action will not lie therefor. *Baker* v. *American Oil Co.,* 90 *Ga. App.* 662 (83 S. E. 2d 826).

*Judgment affirmed. All the Justices concur.*