22543. HUDSON v. HAMPTON, Administratrix.

Head, Presiding Justice. 1. "A contract upon which specific performance is sought must be certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it." Studer v. Seyer, 69 Ga. 125; Hill v. Hill, 149 Ga. 50, 52 (99 SE 31); Adcock v. Shaw, 167 Ga. 710 (146 SE 478); Blumfield v. Citizens Bank & Trust Co., 168 Ga. 322 (147 SE 579); Charles v. Simmons, 215 Ga. 794, 797 (113 SE2d 604).

2. "A parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, strongly and satisfactorily, as to leave no reasonable doubt as to the agreement." Printup v. Mitchell, 17 Ga. 558 (16) (63 AD 258); Barnett v. Henry, 200 Ga. 365, 371 (37 SE2d 340); Hulgan v. Gledhill, 207 Ga. 349 (61 SE2d 473); Harper v. Hudson, 210 Ga. 751 (82 SE2d 854); Mead v. McGee, 215 Ga. 574 (111 SE2d 234).

3. "Proving the alleged contract by a preponderance of the evidence is not sufficient to satisfy the rigid test. It must be proved beyond a reasonable doubt, a burden quite as onerous as that imposed in criminal cases." Salmon v. McCrary, 197 Ga. 281, 285 (29 SE2d 58); Vaughan v. Vaughan, 212 Ga. 485, 487 (93 SE2d 743); Lance v. Crane, 214 Ga. 284 (104 SE2d 439).

4. "The person seeking specific performance of such a contract

must show, in addition to the contract, a substantial compliance with his part of the agreement." *Mann v. Moseley,* 208 Ga. 420 (1) (67 SE2d 128) ; *Haynes v. Ellis,* 199 Ga. 702, 705 (35 SE2d 151) ; *Rodgers v. Street,* 215 Ga. 643, 644 (112 SE2d 598).

5. Unless an oral contract to make a will, sought to be enforced by specific performance, is one where the petitioner agreed to go into the home of another to nurse the person and give such personal, affectionate, and considerate attention as could not readily be procured elsewhere, and where the value of such services could not readily be computed in money, the petitioner must allege and prove the value of the property and the value of the services contracted to be rendered. *Potts v. Mathis,* 149 Ga. 367 (100 SE 110) ; *Brogdon v. Hogan,* 189 Ga. 244 (5 SE2d 657) ; *Johns v. Nix,* 196 Ga. 417 (3) (26 SE2d 526) ; *Jackson v. Copeland,* 217 Ga. 420 (122 SE2d 573).

6. It was not error for the trial judge, as the trior of the facts without the intervention of a jury, to deny the prayers of the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 9, 1964—DECIDED JULY 9, 1964.

*Ballard & Thigpen, Troy R. Thigpen, Jr.,* for plaintiff in error. *Richard Bell, Solicitor General,* contra.