23547. HARP, Executor, et al. v. BACON.

ARGUED JUNE 14, 1966—DECIDED SEPTEMBER 8, 1966—
REHEARING DENIED SEPTEMBER 22, 1966.

*Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for appellants.
*Twitty & Twitty, Frank S. Twitty,* for appellee.

MOBLEY, Justice. Thad E. Bacon filed a petition in four counts in the Superior Court of Colquitt County seeking specific performance of an oral contract for the devise of the interest owned by his aunt, Eudora M. Bacon, in a farm and for machinery and equipment accumulated by the parties in the operation of the farm on a partnership basis, for the cancellation of a deed made by the promisor in the contract, Eudora M. Bacon, and for other

equitable and legal relief. Demurrers to the petition were overruled and, at the trial of the case, the jury returned a verdict in favor of the plaintiff, and the court entered a judgment ordering Cleveland Harp, executor of the estate of Eudora M. Bacon, to execute and deliver a deed conveying the farm property to plaintiff and canceling the deed purporting to convey Eudora M. Bacon's interest in the farm property to her sister, Eloise Bacon. Defendants filed a motion for new trial on the general grounds and on two special grounds. On March 21, 1966, the lower court overruled the motion for new trial on all grounds.

Defendants appeal from the order overruling their motion for new trial and the verdict and judgment in favor of plaintiffs and enumerate as error the order overruling the demurrers to the petition, the order continuing a temporary restraining order against them, the order overruling their motion for new trial, the court's allowing witness Joe Bacon to testify as to the value of services performed by plaintiff, his brother, and in allowing witness Martin Bivins to testify as to the contents of a prior will drawn for Eudora Bacon by him, and the charge of the court for failing to instruct the jury that specific performance of a contract for the conveyance of personal property will not be enforced as a general rule.

■ We first consider the ruling on the demurrers. The material allegations of the petition are: (1) Petitioner's aunt, Eudora M. Bacon, approached him in November, 1953, with the proposition that if he would come to Worth County and take over the operation of her farm there and handle her general business affairs until she died, she would furnish the money for the purchase of necessary equipment and they would operate the farm on a partnership basis, "and that as soon as the plaintiff came to Worth County she would immediately make a will which would provide that whatever had been accumulated through the operation of the farm, plus her 245 acres (above described) would be left to your plaintiff"; (2) in February, 1954, plaintiff accepted the proposal and severed all his business ties and interests in Bibb County and moved to Worth County and took over the operation of the farm and Eudora Bacon's business affairs; (3) plaintiff performed all of the conditions of the contract in

that he operated the farm in accordance with good farming practice, made repairs on the buildings and fences on the farm, bought equipment, gathered crops, raised and sold livestock, and performed other services for his aunt; (4) the value of these services is at least $20,000; (5) the present value of the farm property is at least $25,000; (6) on October 15, 1960, Eudora Bacon executed a gratuitous deed to her sister, Eloise Bacon, conveying not only her interest in the farm but also other properties owned by her so that, as a result of this deed, she became insolvent and it was impossible for her to perform her part of the contract, or to respond in damages for the breach thereof; (7) that although Eudora M. Bacon is still in life, said deed constitutes a cloud on the title to the property which is to vest in plaintiff upon the death of Eudora Bacon; (8) that Eudora Bacon has breached the contract by informing plaintiff that he was not to occupy the premises any longer, by taking out distress warrants against plaintiff and claiming he owes rent for the years 1960 and 1961; and (9) that Eudora Bacon has failed to make the will as promised.

The prayers were for the cancellation of the deed to Eloise Bacon, for enforcement of the oral contract to make a will leaving Eudora Bacon's interest in the property to plaintiff, for the execution of all instruments necessary to the granting of such relief, and for damages and other relief.

Appellants contend that the demurrers to the petition should have been sustained because the petition for specific performance of an oral contract to make a will was prematurely brought, as the promisor, Eudora Bacon, was still living when the petition was filed (although she has since died) and therefore plaintiff cannot show that he has substantially performed his part of the contract, or that Eudora Bacon has failed to perform her promise to devise the property to him. Appellants rely primarily upon the ruling in *Zachos v. Zachos,* 214 Ga. 629 (106 SE2d 775), that no cause of action for specific performance of an oral contract to make a will devising property in return for services rendered arises until the death of the promisor. In the *Zachos* case it did not appear that the promisor agreed to make the will at any given date or at any specific time, and we held that the

lower court properly dismissed the promisor as a party to the suit as there could be no cause of action against her while she was still living. In the instant case plaintiff does allege that Eudora Bacon promised to make the will at a certain time, that is, "as soon as plaintiff came to Worth County she would immediately make a will," etc. Thus, the petition alleges performance by plaintiff in that he severed all his business interests in Bibb County, left his home there and came to Worth County for the purpose of operating the farm and caring for the general business interests of his aunt. It shows that the time for performance by plaintiff's aunt was upon his coming to Worth County and not at her death. The rule in the *Zachos* case is not applicable here as that case is clearly distinguishable on its facts from this one.

Furthermore, the petition sets forth a valid cause of action for the removal of a cloud upon the title to Eudora Bacon's interest in the farm property in showing that Eudora Bacon deeded that property along with other property to her sister which, it is alleged, was not supported by consideration and which was obtained through Eudora's sister's influence upon her, turning her against petitioner. Plaintiff, who has been in possession of the property since 1954, alleges that distress warrants for rent have been taken against him by his aunt and shows by this that he is being injured by the fact of the deed as a cloud upon the title of property promised to be devised to him and to which, under the terms of the contract, he has the right to possession. It is shown that plaintiff's interest in the property under the contract is put in jeopardy by the deed. *Code* §§ 37-1407, 37-1408, 37-1410; *Thompson v. Etowah Iron Co.,* 91 Ga. 538 (1) (17 SE 663); *Moody v. McHan,* 184 Ga. 740 (193 SE 240).

Appellants contend that the contract, being an oral contract for the conveyance of an interest in land, is within the statute of frauds and is therefore not enforceable because plaintiff has not fully performed his part of the agreement. It is now well settled that oral contracts for the devise of property in consideration for services rendered to the promisor may be specifically enforced. *Zachos v. Citizens & Southern Nat. Bank,* 213 Ga.

619 (100 SE2d 418) ; *Banks v. Howard,* 117 Ga. 94 (43 SE 438) ; *Cagle v. Justus,* 196 Ga. 826, 831 (28 SE2d 255) ; *Gordon v. Spellman,* 145 Ga. 682 (89 SE 749). Furthermore, the plaintiff need only show substantial compliance with his part of the agreement in order to obtain specific performance of the contract. *Ray v. Sears,* 220 Ga. 521, 526 (140 SE2d 194). The allegations of the petition show substantial compliance with the agreement by plaintiff and the contract is not unenforceable for the reason contended.

We hold that the petition states a cause of action for enforcement of the oral contract to make the will, for the cancellation of the deed given by Eudora Bacon to her sister, Eloise, for the injunctive relief and for the other relief in connection with these matters. *Code* § 37-105. The trial court properly overruled the demurrers to the petition.

■ We now consider whether the lower court erred in denying the motion for new trial.

Applicable to this case are the holdings of this court in *Hudson v. Hampton,* 220 Ga. 165 (137 SE2d 644) as follows: "1. 'A contract upon which specific performance is sought must be certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it.' *Studer v. Seyer,* 69 Ga. 125; *Hill v. Hill,* 149 Ga. 50, 52 (99 SE 31) ; *Adcock v. Shaw,* 167 Ga. 710 (146 SE 478) ; *Blumfield v. Citizens Bank & Trust Co.,* 168 Ga. 322 (147 SE 579) ; *Charles v. Simmons,* 215 Ga. 794, 797 (113 SE2d 604). 2. 'A parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, strongly and satisfactorily, as to leave no reasonable doubt as to the agreement.' *Printup v. Mitchell,* 17 Ga. 558 (16) (63 AD 258) ; *Barnett v. Henry,* 200 Ga. 365, 371 (37 SE2d 340) ; *Hulgan v. Gledhill,* 207 Ga. 349 (61 SE2d 473) ; *Harper v. Hudson,* 210 Ga. 751 (82 SE2d 854) ; *Mead v. McGee,* 215 Ga. 574 (111 SE2d 234). 3. 'Proving the alleged contract by a preponderance of the evidence is not sufficient to satisfy the rigid test. It must be proved beyond a reasonable doubt, a burden quite as onerous as that imposed in criminal cases.' *Salmon v. McCrary,* 197 Ga. 281, 285 (29 SE2d 58) ; *Vaughan v. Vaughan,* 212 Ga. 485, 487 (93 SE2d 743) ; *Lance v.*

*Crane,* 214 Ga. 284 (104 SE2d 439)." See also *Ray v. Sears,* 220 Ga. 521, 525, supra.

The critical provision of the alleged contract is that plaintiff's aunt, Eudora Bacon, promised to make the will devising the property to him *immediately upon his coming to Worth County.* Unless this provision is proved beyond a reasonable doubt, plaintiff will not have proved his case as laid, and the verdict and judgment will be contrary to the evidence and a new trial will be ordered.

Plaintiff relies upon the testimony of thirteen witnesses to prove the alleged contract. All of these witnesses gave testimony which tended to show that there had been an oral agreement made between Thad Bacon and his aunt, Eudora Bacon, that if Thad would give up his business in Macon and come to Worth County and take over the operation of her farm in a partnership with her, he would be given her interest in the farm and all the machinery and equipment they had accumulated at her death. Clyde Kidd testified that he talked with Eudora sometime shortly after July in 1955 on a visit to the farm and that "she (Eudora) told me then that she had given it [the farm] to him, provided he would stay there and work and look after it . . ." and, in answer to whether Eudora was going to have a will or did have a will leaving Thad the property, "[S]he said she didn't at that time (referring to either 1955 or 1956) but was going to have one." Joe Bacon, a brother of plaintiff, testified that in the spring of 1954 Eudora explained her agreement with Thad to him as follows: ". . . she said that all we are acquire [sic], machinery, and my farm at my death he will receive it for consideration of giving up his business and moving down to Doerun."

From the testimony of Kidd that Eudora had given Thad the farm and of Joe Bacon that Eudora said Thad would receive the property ". . . for consideration of his giving up his business and moving down to Doerun . . ." it could only be inferred that Eudora promised to make a will immediately upon Thad's coming to Worth County. Yet the testimony of the other witnesses would not support such inference and, for the most part, did not show just when the will was promised to be made. One

witness, Walton Freeman, testified that Eudora had brought Thad to see him, told him of their arrangement and that Eudora stated to him "[O]f course, I intend to leave him what I have if he stays with me, that was the condition." Thus, there was testimony equally consistent with the view that Eudora promised to make the will immediately upon Thad's coming to Worth County and with the view that she would make the will at some later date after Thad had stayed with her and worked the farm some length of time. The testimony of Freeman tends to show that Eudora's promise to make the will was conditioned upon Thad's staying with her and, therefore, conflicts with the testimony of Kidd and of Joe Bacon insofar as to what inferences might be drawn therefrom as to the time when Eudora promised to make the will. No witness testified that Eudora had promised or agreed to make a will leaving her property to plaintiff immediately after he moved down there.

We hold that the evidence consisting of the testimony of thirteen witnesses is not sufficient to prove the alleged contract beyond a reasonable doubt. The bulk of the testimony is vague and indefinite as to when the will was to be executed. The testimony most definite on this point merely permits of inferences as to the time at which the will was to be made and these inferences would be in conflict.

The verdict and judgment were not authorized by the evidence and the trial court erred in denying defendant's motion for new trial on the general grounds.

■ It is contended that the trial court erred in admitting the testimony of Joe Bacon, plaintiff's brother, as to the value of the services performed by plaintiff from the time he went into possession of the farm. This witness testified that he was reared on a farm where he lived until he went into military service at about the age of 20, that he helped the plaintiff by plowing land on Eudora's and plaintiff's farm while plaintiff was filling in gullies on the land, that he helped install plumbing in the house, and that he bought a farm in 1957. He also testified that fences had been put up since plaintiff took over the operation of the farm, that plaintiff had remodeled the house and put in bath fixtures and plumbing and that a new implement building had

been recently constructed on the farm. The witness having such background and knowledge, it was not error to allow him to testify as to the value of the services performed by plaintiff on the farm.

■ Appellant contends that the trial court erred in entering its decree, as it does not follow the verdict in giving plaintiff the south half of the land lot when Eudora Bacon owned only a one-half undivided interest in the entire land lot. The verdict was a general one in favor of the plaintiff and the decree granted specific performance of the contract to devise "[A] one-half undivided interest in and to Lot of Land No. 51 in the 7th Land District of Worth County, Georgia, containing 490 acres, more or less, and generally known as the south half of said lot, containing 245 acres, more or less." This is the exact interest in the land lot as described and prayed for by plaintiff in his petition. There was evidence that Eloise and Eudora Bacon had agreed on a division of the lot, that Eudora was to have the south half and Eloise the north half of the lot. Also, the evidence was undisputed that plaintiff went into possession of the south half of the lot under the contract with Eudora Bacon. Plaintiff admits that partition proceedings will be necessary in order to determine the respective rights of himself and Eloise Bacon but contends that the decree is not invalid for the reason claimed. The decree follows the verdict and is sufficiently definite so as to be enforceable and therefore is not invalid for this reason.

■ Appellant contends that the trial court erred in not charging the jury that specific performance of a contract for the conveyance of personal property will not be enforced as a general rule although no objection was made at the trial for failure of the court to charge on this point. This contention is without merit. While this charge might be a correct statement of law, there was no request for the court to so charge, and appellants do not show that the failure to give it was harmful to them. Contracts for the conveyance of both real and personal property have been held enforceable in equity where good reason and good conscience require a decree for specific performance of the entire agreement. *Irwin v. Dailey,* 216 Ga. 630 (5a) (118 SE2d 827).

■ Appellant contends that the trial court erred in admitting the testimony of Martin Bivins, an attorney, as to the contents of a will drawn by him for Eudora Bacon in 1958 as it was irrelevant. This contention is meritorious. In that the alleged agreement was that Eudora Bacon would make the will immediately upon plaintiff's coming to Worth County, the introduction of a will made in 1958, when it is shown that plaintiff came to Worth County in 1954, following the offer made to him by Eudora in late 1953, would not be relevant to show that the promisor, Eudora Bacon, had made such agreement. It could well be taken to show that she did not make the agreement. It was not relevant to the purported agreement and should not have been admitted in evidence.

■ The trial court did not err in continuing the temporary restraining order against defendants.

*Judgment reversed. All the Justices concur.*