## 56583. SKYWAY CYCLE SALES, INC. et al. v. GORDON et al.

SMITH, Judge.

Appellants, Skyway Cycle Sales, Joe James and Jess Hill, brought this action in two counts alleging: (1) appellee Gordon and others had conspired to "ruin and destroy" appellants' business; and (2) Gordon had conspired with another to cause the other to breach a contract he had made with appellants. The trial court granted Gordon's motion for summary judgment as to the two counts, and, finding that Gordon failed to carry his summary judgment burden, we reverse.

1. The trial court's order granting Gordon's motion for summary judgment as to Count 1 stated as the sole reason for the grant that "this court finds no evidence that movant was engaged in any activity as alleged in Count I." That was an erroneous basis for the grant of Gordon's motion, for, until Gordon came forth with evidence establishing entitlement to judgment in his favor, there was no burden upon appellants to produce *any* evidence in support of the claim. CPA §§ 56 (c) and 56 (e) (Code Ann. § 81A-156 (c) and (e)). The evidence did not establish conclusively that Gordon, the movant, was entitled to judgment, and thus, as to Count 1, the trial court was incorrect in granting Gordon's motion. *Lansky v. Goldstein,* 136 Ga. App. 607 (1) (222 SE2d 62) (1975).

2. In Count 2 appellants alleged Gordon and Arnold Wagner, a defendant below, conspired "for the defendant Arnold Wagner to breach his agreement to purchase Skyway Cycle Sales, Inc." The trial court, citing UCC §§ 8-319 and 2-201 (Code Ann. §§ 109A-8—319 and 109A-2— 201), granted Gordon's motion for summary judgment for the express reason that there was no written contract for the sale of James' and Hill's business, Skyway Cycle Sales, to Wagner. The trial court stated, citing *Charles v. Simmons,* 215 Ga. 794 (113 SE2d 604) (1960): "In absence of a valid enforceable contract, causes of action will not lie against one charged with causing another to breach his contract to damage of the latter." The court was in error, as Wagner's testimony on deposition indicated he had made an oral agreement to

purchase the whole of James' and Hill's interest in the business for $48,000. The evidence therefore suggested that Wagner had entered into an enforceable oral contract (see UCC §§ 2-201(3)(b) and 8-319(d)), and Gordon failed to prove conclusively that an exception to the Statute of Frauds was inapplicable.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED NOVEMBER 16, 1978.

*Lawson & Davis, G. Thomas Davis,* for appellants.
*Archer & Hamner, James H. Archer, Jr., R. William Hamner, Frank Strickland, Donald F. Walton,* for appellees.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*