## THE COTTON STATES LIFE INSURANCE COMPANY *vs.* CARTER.

Whilst it is well settled that all previous negotiations concerning a contract, when the same is agreed upon and concluded, are merged in the written instrument, and that parol proof is inadmissible to add to, vary or take from, the writing, yet when an action was brought alleging that there was a contract between the plaintiff and the defendant which the paper should have contained, but did not, and praying that it might be reformed so as to express the real agreement, or if it should be made to appear that none was ever mutually entered into, that then the defendant should be decreed to refund the money which the plaintiff had paid under a mistake as to the existence of a subsisting contract, parol and written testimony covering the negotiations antecedent to the writing, was admissible to show what the real agreement was, or that there never was any agreement upon which the minds of the parties met.

Contracts.    Evidence.    Before Judge McCUTCHEN. Whitfield Superior Court.    April Term, 1879.

Reported in the decision.

SHUMATE & WILLIAMSON, for plaintiff in error.

JOHNSON & McCAMY, for defendant.

CRAWFORD, Justice.

Samuel M. Carter had a policy of insurance on the ten year plan in the Southern Life Company, which failed after he had paid seven annual premiums thereon; a negotiation sprang up between himself and an agent of the Cotton States Company for his insurance with that company on the same plan, which resu'ted in his taking a policy and paying one cash premium on the same. When the second was about falling due the agent of the company notified him of the fact, and this led to an examination of the policy itself, when it was found, as he claimed, to be wholly different from the real contract made and

entered into between himself and the company, whilst the company insisted that it was just as it was made and agreed to. The failure to settle the dispute resulted in the present litigation. Carter brought his suit to reform the contract as defined by the policy, and to make it speak the bargain as it was made, and as he understood it to have been made, and if this could not be done, then to declare the same void as made fraudulently or by mistake, and to refund to him the money which he had paid to the company.

By the consent of the parties it was agreed to submit the questions of fact as well as of law to the judge without the intervention of a jury, and under the evidence he found the contract void, and decreed that the money should be refunded. During the progress of the trial the defendant made objections to the admission of certain testimony offered by the plaintiff, which were overruled by the court, and the defendant excepted.

To the finding upon the facts, and the decree rendered thereon by the court, the defendant further excepted, and now assigns the same as error.

The testimony which was admitted and to which objection was made and overruled was, first, that of Carter, the plaintiff; next a letter written by I. W. Avery, an agent of the company, to Carter, and some other evidence, all of which was about, but anterior to, the written contract. The ground of the defendant's objection was, that everything which was said or written before the execution of the contract was presumed in law to have been merged in the writing, and could not be contradicted or varied by parol proof. The exception taken to the finding and decree was, that the former was not supported by the evidence, and the latter was unauthorized by the law.

Nothing is better settled than the principle that all previous negotiations concerning a contract, when the same is agreed upon and concluded, are presumed to be merged in the written contract. And it is equally well

settled that parol proof is inadmissible to add to, take from or vary, a written contract; and whenever the contract itself is sued upon, these principles apply and govern in the absence of an allegation of fraud, accident or mistake in the execution thereof. But the case before the judge below was not upon the enforcement of this contract by the Cotton States Company against Carter; it was a suit by Carter, alleging that there was a contract between the company and himself, which this paper should, but did not contain, and praying that it might be *reformed* so as to express that contract. But if it should be made to appear that none was ever mutually agreed upon, that then the company should be decreed to refund the money which he had paid under a mistake as to the existence of a subsisting contract.

Such suits are recognized and enforced by the law, are often resorted to, and the real question to be tried is, *what was the contract?* The burden is upon the party attacking the writing, and he must bring proof sufficient to overthrow it, but to exclude all testimony and hold that because it was in writing it must not be changed, would be to deny relief in cases where it has always been granted. The very issue made demanded the admission of the evidence, and the court did right in ruling it in.

The testimony on the part of the plaintiff was sufficiently strong to warrant the finding. That there was ever a contract which had the assent of both parties does not appear by the proof; the plaintiff evidently thought that his policy with the Southern Life Company, with its seven annual premiums paid upon it, left only three more to be paid to the Cotton States Company; whilst that company intended to accept the old policy for the increased risk of insuring him at the age of fifty years, as though he were but forty-three, and to be paid ten annual premiums as of one at that age. The decree was but the legal consequence of the finding on the facts, and the judgment must be affirmed.