18991. CROSS v. NICHOLSON et al.

WYATT, Presiding Justice. Jesse Cross brought her petition against R. M. Nicholson, W. J. Harvey, Mrs. Jesse Beusse, Thomas C. Beusse, Mrs. Henretta Beusse Bright, and Miss Ruth Beusse, seeking to cancel certain deeds from Mrs. Jesse Beusse to R. M. Nicholson, from Thomas C. Beusse, Mrs. Henretta Beusse Bright, and Miss Ruth Beusse to R. M. Nicholson, and from R. M. Nicholson to W. J. Harvey, all of which deeds convey the interest of the grantors in a described tract of land. Petitioner alleged that she was the owner of the tract of land under and by virtue of a deed from Mrs. Jesse Beusse to her. She also alleged that she was the owner of said tract of land by prescription because of her open and notorious possession under color of title for more than seven years. The description in the deed which it is alleged conveys title or acts as color of title reads as follows: "All that tract or parcel of land containing 140 acres, more or less, situated, lying and being on the Salem Public Road, in the 261st District, G. M., Oconee County, Georgia, bounded now or formerly by lands of J. C. Hale on the north, east by Hester place, south by lands of Wolver M. Smith; west by lands of New York Life Insurance Company." Upon the trial of the case and after all the evidence had been submitted, defendants made a motion for a directed verdict, which was denied. The jury found in favor of the plaintiff, and further found that the deed conveyed title. Defendants made a motion for new trial, a motion to set aside the verdict of the jury, and a motion for judgment notwithstanding the verdict. The plaintiff then tendered a judgment in her favor, which the judge refused to sign. To this action the plaintiff excepted. The judge then granted a judgment notwithstanding the verdict to the defendants. The plaintiff excepted to this judgment. Held:

1. Upon the trial of this case, it appeared that the parcel of land here in question contained about three acres and was located on the south side of the Salem-Farmington Road and on the southeast corner of the main body of the tract of land described in the deed above referred to, which was on the north side of the Salem-Farmington Road. There are many questions raised by the record in this case. However, the one controlling question is whether or not the description in the deed set out in the statement of facts is sufficient to identify the property attempted to be conveyed thereby. It is not necessary to decide whether or not the deed would convey title or would act as color of title, since the property

must be sufficiently described in either case. *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691). It is admitted that the description here involved is sufficient to admit the deed in evidence and to authorize the introduction of extrinsic evidence to identify the land to be conveyed. The burden is upon the plaintiff in this case to identify the land by extrinsic evidence. In the instant case, the evidence upon the trial was positive and uncontradicted that Wolver M. Smith did not own and had never owned any land to the south of the tract here in question, and that New York Life Insurance Company did not own and had never owned any land to the west of said tract. Descriptive words in a deed to be sufficient as a key must lead unerringly to the land in question. "But no amount of words in such a contract which fail to lead definitely to the land therein will constitute a key. If such words, when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void." *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d 374). "In so far as the identity of the land attempted to be conveyed is concerned, the key must be to the establishment and the location of boundaries as of the time of the execution of the conveyance." *Laurens County Board of Education* v. *Stanley,* 187 *Ga.* 389 (200 S. E. 294). See also *LaRoche* v. *Falligant,* 130 *Ga.* 596 (61 S. E. 465), as to color of title. It therefore appears that the description in the deed here involved fails to identify the land attempted to be conveyed or to furnish a key whereby it can be identified. Hence it follows that the petitioner has failed to prove that the land in question belongs to her, and a verdict for the defendants was demanded. It was, therefore, not error to refuse to sign a judgment in favor of the plaintiff and to enter a judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 13, 1955—DECIDED JULY 12, 1955—REHEARING DENIED JULY 25, 1955.

*James W. Arnold,* for plaintiff in error.

*R. M. Nicholson, Erwin, Nix, Birchmore & Epting,* contra.