24507. HARTFORD ACCIDENT & INDEMNITY COMPANY v. WALKA MOUNTAIN CAMP NO. 565, WOODMEN OF THE WORLD, INC.

FRANKUM, Justice. "Mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. This power shall be exercised with caution, and to justify it, the evidence shall be clear, unequivocal, and decisive as to the mistake." *Code* § 37-202. "Equity will not reform a written contract, unless the mistake is shown to be the mistake of both parties. . ." *Code* § 37-207. " 'Mutual mistake, in relation to reformation, means a mistake shared by, or participated in by, both parties, or a mistake common to both parties, or reciprocal to both parties; both must have labored under the same misconception in respect of the terms and conditions of a written instrument, intending at the time of the execution of the instrument to say one thing and by mistake expressing another, so that the instrument as written does not express the contract or intent of either of the parties.' 76 CJS 364, 365, Reformation of Instruments, § 28. 'A mutual mistake is one in which both parties participate by each laboring under the same misconception.' 30 CJS 373, Equity, § 45." *Lawton v. Byck*, 217 Ga. 676, 681 (4) (124 SE2d 369). See *Crim v. Alston*, 169 Ga. 852 (151 SE 807). Applying the foregoing equitable principles to the facts in this case which show that the defendant insurance company issued to the plaintiff a policy of liability insurance which specif-

ically and expressly excluded "The . . . use of . . . saddle animals, including saddle animals rented to others through the named insured, whether on or away from the premises owned by, rented to or controlled by the named insured unless such . . . saddle animals are specifically described in the schedule and a premium is charged therefor"; that the plaintiff accepted the policy by taking delivery thereof and paying premiums thereon for more than two years; that no saddle animals were listed or described in the schedule contained as a part of the policy and no premium was charged for the use or employment of saddle animals on the insured's premises and where it further appeared that the defendant's agent and underwriter testified without dispute that when the policy was rated as to the class of risks involved the premium charged was based upon the fact that saddle animals were not included in the coverage of the policy and that had they been a greater premium would have been charged, such evidence demanded a finding that the injury for which the plaintiff sought to hold the defendant liable as insurer was inflcited on a spectator when a horse involved in a horse race bolted and ran into a crowd on the insured's premises, was not intended by the defendant insurer to be covered, and even though it be conceded that the evidence shows that it was the plaintiff's intention that such coverage be afforded by the policy, the evidence, nevertheless, clearly and affirmatively shows that there was no such mutual mistake as would be relievable in equity by the reformation of the insurance contract.

A motion for a directed verdict having been made by the appellant and denied by the trial court, and a mistrial having subsequently resulted, the trial court erred in denying the appellant's motion for a judgment notwithstanding the mistrial, and direction is given that judgment be entered in accordance with the motion.

*Judgment reversed with direction. All the Justices concur.*

ARGUED FEBRUARY 13, 1968—DECIDED APRIL 4, 1968.

*Robinson, Thompson, Buice & Harben, B. Carl Buice,* for appellant.

*John Crudup, Telford, Wayne & Stewart, Joe K. Telford,* for appellee.