26187. PRESSLEY et al. v. JENNINGS et al.

Argued November 10, 1971—Decided March 4, 1971—
Rehearing denied March 18, 1971.

*Heard & Leverett, E. Freeman Leverett,* for appellants.

*George B. Brooks, Rupert A. Brown, J. Cleve Miller,* for appellees.

MOBLEY, Presiding Justice. Turner Jennings, Jr., and his lessee, Walter W. Peppers, brought a complaint for the recovery of two tracts of land, one containing 10 acres and the other 10.1 acres, against Thelma Pressley, and others, and their lessee, Walter McCannon, and his agent. It was alleged that McCannon, through his agent, has done work preparatory to operating a quarry on the land, and an injunction was sought against them.

The parties stipulated that the tract containing 10.1 acres was the property of Jennings, and the only property in dispute is the tract containing 10 acres. It is a part of a tract of land containing 110 acres which was conveyed by Benjamin Oliver to the five children of Martha Echols, George, Ida, Cora, Squire, and Earl Echols, by a deed of gift dated 1909, and recorded in 1910. Defendant Pressley and other named defendants claim the property as the heirs of Martha Echols' children. Jennings claims ownership of the land by reason of his purchase of it at an administrator's sale in 1930, where it was sold as the land of Benjamin Oliver, an administrator's deed dated March 4, 1930 (not recorded until 1969), and possession of the property since 1930.

The jury found in favor of Jennings, and the appeal is from the judgment entered on that verdict.

Appellants make forty assignments of error. Counsel have grouped the arguments on these assignments into 21 contentions, and we will consider these in the order in which they appear in the main brief for appellants.

1. The first contention is that the trial court erred in denying appellants' motion for directed verdict. It is asserted that the administrator's deed relied on by Jennings was void for indefinite-

ness of description, thereby relegating him to reliance solely upon title by prescription, and that he failed to carry the burden of proving with sufficient definiteness the particular part of the ten acres in dispute which was adversely occupied.

The deed from Harry Jennings, as administrator of Ben Oliver, to Turner Jennings, Jr., described the land as follows: ". . . the lot or parcel of land lying and being in Oglethorpe County, Georgia, Glade District, G. M. thereof, containing 17.15 acres, more or less, and bounded as follows: On the North West and South by lands of Earl Echols, Squire Echols, Cora Echols and Ida Bolton, and on the East by lands of Lou Jennings, and for a more complete description of the same reference is here made to a survey and plat of the same, made by J. A. Chandler, on the 4th day of January, 1930."

This description appears to be sufficient to describe the land, with the aid of evidence explaining the descriptive terms given. However, appellants contend that the evidence was insufficient to show that it related to any particular tract of land, because the plat referred to could not be produced, and the evidence showed that the adjoining landowners were not located as described in the deed.

"A deed purporting to convey land which is so indefinite in description that the land is incapable of being located is inoperative either as a conveyance of title or as color of title." *Luttrell v. Whitehead,* 121 Ga. 699 (1) (49 SE 691).

From the evidence it appeared that the deed gave the correct names of adjoining landowners, but incorrectly showed Lou Jennings on the east, when she was on the west. The three Echolses and Ida Bolton were joint owners of the property deeded to the children of Martha Echols in 1909, and their property bounded the property in dispute on all sides except for the lands of Lou Jennings.

An inaccuracy in a deed does not necessarily make it void. *Johnson v. McKay,* 119 Ga. 196 (3) (45 SE 992, 100 ASR 166); *Burson v. Shields,* 160 Ga. 723 (5) (129 SE 22); *Copeland v. Carpenter,* 206 Ga. 822 (4) (59 SE2d 245). The jury was authorized to find from the evidence that the land described in the deed was the land in dispute, although the deed had the inaccuracy in the adjoining landowner, Lou Jennings, as to the direction in which her

land adjoined.

Appellants rely on *Cross v. Nicholson,* 211 Ga. 769 (88 SE2d 390), wherein this court stated that a deed failed to identify the land attempted to be conveyed or to furnish a key whereby it could be identified. The deed dealt with in that case conveyed a tract of 140 acres and described the lands as bounded now or formerly by lands of "J. C. Hale on the north, east by Hester place, south by lands of Wolver M. Smith; west by lands of New York Life Insurance Company." This court held that "the evidence upon the trial was positive and uncontradicted that Wolver M. Smith did not own and had never owned any land to the south of the tract here in question, and that New York Life Insurance Company did not own and had never owned any land to the west of said tract." The *Cross* case is distinguishable on its facts from the present case. There the title to four acres of land was involved, and the grantee in a deed conveying 140 acres claimed that this deed included the four acres. The evidence in the record shows that the Hester place was southeast of the tract, and this land was formerly owned by the New York Life Insurace Company, so these landowners adjoined the property on one side instead of two. Wolver Smith was north or northwest of the tract instead of south. Thus the description in the deed not only had two of the adjoining landowners on the wrong sides, but also failed to name the adjoining landowner bounding the property on one side.

There was ample testimony that Jennings bought the property in dispute at an administrator's sale, as the property of Ben Oliver, in 1930. Witnesses who attended the sale testified that he bought the property at the sale. The evidence was not contradicted that he went into possession of the land, claiming it as his own, under the administrator's deed, and cultivated it continuously from 1930 until a few years before the present action was commenced. There was a house on the property which the evidence showed was occupied by his tenants or by persons permitted by him to live in the house.

In order to show adverse possession of land by cultivation, it is not necessary that every inch of the tract of land be in cultivation. The evidence in the present case is sufficient to show that Jennings was in adverse possession of the entire tract. Appellant

Pressley in her testimony admitted that Jennings had farmed the land since he bought it, and claimed it as his own.

The evidence was sufficient to show that Jennings had been in adverse possession of the land under a claim of right since 1930, and there is no merit in the contention that the trial judge should have directed a verdict for appellants, or that the evidence was insufficient to support the verdict.

While there was some variation in the testimony of witnesses as to the number of acres which they estimated to be in cultivation by Jennings, the evidence showed that the entire tract in dispute was in the possession and control of Jennings. It was not error to fail to charge that if Jennings failed to specifically identify the particular part of the ten-acre tract claimed to have been acquired by adverse possession, they should find for appellants.

2. It is contended that the court erred in failing to charge that the jury might find against Thelma Pressley and the other Echols heirs, but in favor of appellant McCannon. Jennings' deed was not recorded until after the lease was made by the Echols heirs to McCannon. Counsel argue that even if Jennings could prove title by adverse possession against the Echols heirs, McCannon had no notice of this possession, since Jennings was not cultivating the land in 1968 or 1969 when McCannon got his option and lease, and that McCannon was entitled to prevail if the jury believed that he had no actual notice of Jennings' claim to the land.

In 51C CJS 666, Landlord and Tenant, § 253, it is said: "A landlord cannot . . . create any greater interest in his lessee than he himself possesses, and the lessee takes subject to all claims of title enforceable against the lessor. Where the lessor has neither title nor possession, the lease is of no effect." In 49 AmJur2d 55, 56, Landlord and Tenant, § 12, it is stated that "a lessor cannot create any greater interest in the lessee than he himself has; a lessee, unless protected by some special statute or equity, takes subject to all claims of title which were enforceable against his lessor."

The case of the lessee, McCannon, must stand or fall with the determination of title of the persons granting the lease to him. In *Hearn v. Leverette,* 213 Ga. 286, 288 (99 SE2d 147), this court quoted with approval from Powell on Actions for Land (1946 Ed.),

412, § 349, as follows: "When an adverse possessor has held for the requisite period and his prescriptive title ripens, it extinguishes all other inconsistent titles and itself becomes the true title." The jury would not be authorized to find that Jennings had acquired the true title by prescription, and at the same time find that the Echols heirs could thereafter execute a valid lease to McCannon.

The recording statute (*Code* § 29-401) has no effect on this issue, since it deals with the priority of recorded deeds over unrecorded deeds "from the same vendor."

The trial judge did not err in failing to charge that the jury could find for McCannon even if they found against the Echols heirs.

3. It is contended that the court erred in charging that the doctrine of constructive possession was applicable to Jennings. This contention is based on a portion of the charge in which the trial judge charged a number of Code sections, which he stated were applicable to the claims of appellant Jennings and appellees. These included *Code* § 85-404 on constructive possession. Later on in the charge the judge instructed the jury as follows: "I charge you further, ladies and gentlemen, that the plaintiff, Turner Jennings, Jr., cannot legally prevail in this case based on constructive possession of the land in dispute by him." We do not think the jury could have been confused by the charging of the various Code sections, when the judge expressly stated that the charge on constructive possession did not apply to Jennings.

4. The fourth contention is that the judge should have charged three requests to charge, which were related to Jennings' claim that he had perfect equity in the land by reason of the fact that he bought the property at the administrator's sale, paid the purchase price, was placed in possession by the administrator, and remained in possession from that time until the encroachment by appellants' lessee. These requests, in brief, were: (1) Such a title is subordinate to the title of one purchasing for value from the apparent holder of the legal title without notice of the equity. (2) A suit on such an equitable title must be brought in a county wherein a defendant resides against whom substantial equitable relief is prayed. (3) If the jury finds that the equities of the parties are

equal, they should find for appellants.

The first of these requested charges is based on the theory that the lessee could prevail even though the lessors did not, which theory we have previously rejected in Division 2.

In connection with the second request to charge appellants cite *Owenby v. Stancil,* 190 Ga. 50 (8 SE2d 7), which holds that in an action to establish title to land, where the aid of a court of equity must be invoked in order to recover, the action must be brought in the county in which a defendant resides against whom substantial relief is sought. Jennings sought to recover possession of land on the basis of his purchase of the land at an administrator's sale and adverse possession thereafter. If he successfully proved his contentions, he did not need any equitable relief to establish his title.

The third request to charge was not adjusted to the evidence.

5. The fifth contention is that the court erred in charging that Jennings would not be bound except by actual notice of the Echols title.

Section 96-205 of the Code of 1933, prior to the 1943 amendment (Ga. L. 1943, p. 400), provided: "Every voluntary deed or conveyance made by any person shall be void as against subsequent bona fide purchasers for value without notice of such voluntary conveyance." The 1943 amendment added a proviso giving a recorded voluntary deed priority over a subsequent deed. The present law on the subject is Ga. L. 1964, p. 475 (*Code Ann.* § 29-401.1).

Since Jennings' purchase of the property was in 1930, the 1943 amendment could not be applied to this transaction, and the trial judge properly charged that Jennings would not be bound except by actual notice of the Echols title. *Roop Grocery Co. v. Gentry,* 195 Ga. 736, 745 (25 SE2d 705).

There is no merit in appellants' contention that *Code* § 96-205, prior to the 1943 amendment, effectuated an invidious discrimination against the owners of land under a voluntary deed as compared to owners purchasing for a valuable consideration, in violation of the due process and equal protection clauses of the State and Federal Constitutions. There was a reasonable basis for distinction between the two classes of ownership, and the General Assembly had a right to make this distinction as to notice between holders

of voluntary deeds and purchasers for value.

6. Appellants made a request to charge the following: "The defendants in this case claim title in part under a deed from Benjamin Oliver to the five children of Martha Echols, dated 1909, recorded July 5, 1910, in Deed Book LL, page 19, Oglethorpe Superior Court records. I charge you that the effect of this deed at the time of its execution and delivery was to vest fee simple title in the five children of Martha Echols." The judge charged the first sentence of this requested charge, but omitted the second sentence. The sixth contention is that this omission was error.

Benjamin Oliver was the common grantor of appellants and appellees. No issue was made as to whether the deed from Benjamin Oliver to the children of Martha Echols vested fee simple title in them, and no evidence was introduced on this. The trial judge did not err in refusing to charge that fee simple title vested in them under the 1909 deed.

7. The seventh contention is that the judge erred in refusing to charge, on request, that two purported leases from Jennings to Peppers were void and should not be considered for any purpose. The judge modified these charges by stating that the leases might be considered insofar as they may shed any light on Jennings' claim of title by adverse possession.

These leases had been declared void for insufficiency of description. However, they were admissible in evidence as a circumstance to show that Jennings was exercising acts of ownership of the property in dispute. See *Hughes v. Heard,* 215 Ga. 156, 160 (109 SE2d 510); *Dozier v. Parker,* 219 Ga. 725, 729 (135 SE2d 857). It was not error to refuse to charge that the leases could not be considered for any purpose.

8. Contention 8 is that the court erred in refusing appellants' request to charge that two plats which appellants had introduced in evidence were void and of no effect. Appellants had introduced these plats in evidence, and they could not complain that the judge did not instruct the jury to disregard them.

9. Contention 9 is that the court erred in charging that constructive possession was not in issue if either party was in actual possession. Construed in the context of the full charge on adverse possession, and under the evidence in this case, the charge was not error.

"Actual adverse possession by one claimant is inconsistent with and will prevail over mere constructive possession by another claimant. *Brookman v. Rennolds,* 148 Ga. 721 (8) (98 SE 543)." *Shahan v. Watkins,* 194 Ga. 164, 167 (21 SE2d 58).

10. Contention 10 is that it was error for the court to substitute the words "if you find that" for the word "since" in giving a request to charge of appellants.

The judge charged as follows: "I charge you . . . that since the purchaser at an administrator's sale gets no better title than his intestate had, I charge you that *if you find that* [emphasis supplied] Benjamin Oliver had already conveyed the ten acres in dispute to the five children of Martha Echols prior to his death, there was no title left in Benjamin Oliver which the administrator could convey, and plaintiff, Turner Jennings, could receive no title to the land in dispute by virtue of an administrator's deed from Harry Jennings as administrator of Benjamin Oliver unless you find that Turner Jennings was also deeded the land in dispute and was a bona fide purchaser from the administrators of Benjamin Oliver for value for the lands in dispute without actual knowledge of the voluntary deed from Benjamin Oliver to the five children of Martha Echols, or that said voluntary deed embraced said ten acres in dispute."

This charge showed plainly that the issue to be determined was not whether Benjamin Oliver had conveyed the property to the children of Martha Echols, but whether Jennings had bought the property without notice of their title under that deed, and the use of the words "if you find that" was not harmful to appellants.

11. Contention 11 is that the court erred in failing to charge that possession by appellants would constitute notice to Jennings. There was no evidence that appellants, or the persons under whom they claimed, were in actual possession of the land in dispute at the time of the purchase by Jennings at the administrator's sale, and the judge did not err in failing to charge on possession by appellants.

12. Contention 12 is that the court failed to give appellants' requested charge that, if the jury found that the administrator of Benjamin Oliver remained in possession of any part of the 110 acres conveyed in 1909 to the children of Martha Echols, such

possession would be deemed to be held under the grantees named in the deed, etc.

The judge did charge the general principle that possession of land remaining with the grantor will be deemed to be held under the grantee. There was no evidence in the case as to any possession by Oliver's administrator, and the judge did not err in refusing to give the requested charge.

13. Contention 13 is that the court erred in failing to give two requests to charge concerning the burden of proof. The trial judge charged fully on the burden of proof.

The first requested charge was that the burden was not upon appellants to disprove the case alleged by appellees. The general charge that the plaintiff had the burden of proof to establish his pleadings by a preponderance of the evidence sufficiently covered this principle. *Richmond & Danville R. Co. v. Howard,* 79 Ga. 44 (3 SE 426).

The other request was that if the jury should find the evidence evenly balanced, or be unable to determine from the evidence title to the lands in dispute, it would be their duty to return a verdict for defendants. While there were conflicts in the evidence, the requested charge on the evidence being "evenly balanced" was not authorized by the evidence. The remainder of the second requested charge was covered by the general principle charged, that Jennings had the burden of proof.

It was not error to refuse to charge these requested charges.

14. Contention 14 asserts that the court erred in admitting in evidence two plats made in 1969 by A. P. Stevens, Jr. In the pretrial order appellants stipulated that no objection would be made to these plats on the ground that the surveyor making them was not produced in court to identify them. The objection made at the trial to the first of these plats was that the evidence did not show that the plat was made independently by A. P. Stevens, but was based on a plat by C. P. Stevens, and the information given him by Jennings. The second plat was objected to on the ground that there was no testimony to show that it would be binding on appellants.

The plats were not introduced as presumptive evidence of the facts set forth therein. The testimony of the surveyor showed that

the plats correctly represented what they purported to show, and they were admissible to illustrate the testimony of the surveyor. *Durden v. Kerby,* 201 Ga. 780 (2) (41 SE2d 131).

15. Contention 15 asserts that the court erred in charging as follows: "Any of these rights, however impertinent, which purports to convey title and defines the extent of the claim is a sufficient right on which to claim adverse possession for seven years."

We have held in Division 1 that the administrator's deed was sufficient to give Jennings color of title. The judge fully charged on adverse possession under color of title for seven years. The judge's inadvertent use of the words "however impertinent" in the context of the correct definition of color of title, could not have misled the jury into believing that adverse possession would be sufficient without a claim of right.

16. The trial judge admitted in evidence, over objection, testimony of several witnesses that they had never heard appellant Pressley, or any other person, other than Jennings, claim the property in dispute. The admission of this evidence is asserted to be error in contention 16.

These witnesses had testified positively that Jennings was in possession of the land by cultivation. Appellant Pressley testified that Jennings had been farming the land in dispute since he bought it and that she and the other Echols heirs knew that he was claiming it. In view of this testimony by appellant Pressley, the testimony admitted could not have been harmful to appellants, and its admission would not require a reversal of the case.

17. Contention 17 is that the complaint should have been dismissed because three defendants were not served for over four months after the filing of the action. Motion to dismiss the complaint on this ground was denied by the judge.

These three defendants, after service upon them, adopted the motions and defensive pleadings of the other defendants, and were represented by the same attorneys. It does not appear that they were harmed by the late service on them, and the complaint was not subject to dismissal because of the late service. *Code Ann.* § 81A-104 (c) (Ga. L. 1966, pp. 609, 610).

18. Contention 18 is that the court erred in admitting testimony of A. P. Stevens explaining the description in the administrator's

deed of Jennings. This testimony was admissible to show how the descriptive terms of the deed applied to the land in dispute, and it was not erroneous to admit such evidence because it showed that one adjoining landowner was mistakenly stated as being on the east instead of on the west.

19. Contention 19 is that the court erred in admitting the 1954 plat made by A. P. Stevens, Jr. This was a plat of the Echols property. It showed that the tract contained 104.44 acres, and designated it as the property of Earl Echols. It showed the property now in dispute as the property of Jennings.

Thelma Pressley testified that she and her husband paid for this plat, and that the ten-acre tract now in dispute was shown as the property of Turner Jennings on the plat because he claimed he bought it in 1930. There was no error in admitting this plat. *Durden v. Kerby,* 201 Ga. 780 (2), supra.

20. Contention 20 is that the court erred in refusing the motion of appellants for a special verdict on 24 questions prepared by counsel for appellants. Many of these questions were slanted toward the contentions of appellants, imputing improper motives to appellees.

The real issue of law between the parties was the ownership of property which had been conveyed by voluntary deed in 1909, and sold to another in 1930 as property of the grantor in the voluntary deed. The solution of this question depended on the good faith of the person buying the property at the administrator's sale, and whether he was in adverse possession of the property thereafter.

*Code Ann.* § 81A-149 (Ga. L. 1966, pp. 609, 656; Ga. L. 1967, pp. 226, 236) provides that the court "may" require a jury to return a special verdict on written questions. In the absence of an abuse of discretion, this court would not reverse a trial judge in submitting a case for a general, rather than a special, verdict, and we find no abuse of discretion in the present case.

21. Contention 21 is that the court erred in admitting testimony of Peppers relative to damages inflicted upon the disputed property by McCannon, one of appellants.

McCannon, in his counterclaim, alleged that he had spent substantial sums in preparing the disputed property for quarrying

purposes, and alleged that he was entitled to recover these sums should the jury find title in Jennings. The testimony of Peppers complained of was in rebuttal of the evidence of McCannon in support of his counterclaim, and was properly admitted.

*Judgment affirmed. All the Justices concur.*