## 50549. COLE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

PANNELL, Presiding Judge.

Marion Hillhouse was in the business of garbage collecting and owned a truck which carried a garbage compactor built onto the truck. While the truck was stopped, with no driver inside, but with the motor running so as to operate the compactor, the appellant Cole and others were dumping garbage into the compactor. The wind began to blow paper about and appellant was picking up the paper and stuffing it into the compactor when his hand was caught by the compactor machinery and injured. There were levers on either side which operated the compactor and the compactor was in operation at the time. Appellant Cole sued Hillhouse and recovered a verdict and judgment in amount of $10,000. Cole then filed an action against Hillhouse's insurer, State Farm Mutual Automobile Insurance Company. The policy was an automobile public liability for personal injuries, property damage and medical payments, and contained the following insuring clauses as to coverage (A) (bodily injury) and (B) (property damage): "To pay on behalf of the insured all sums which insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons, and (B) property damage, caused by accident arising out of the ownership, maintenance or use, including loading or unloading of the owned automobile."

In the definition section in defining "owned automobile," automobiles "classified as commercial" were excepted from the definition; however, the face of the policy shows that the automobile (truck) was insured as a vehicle for commercial use. Under exclusions, the policy provided "This insurance does not apply under: . . . (h) coverage A (bodily injury liability), (1) to bodily injury to any employee of the insured arising out of and in the course of (i) domestic employment by the insured, if

benefits therefor are in whole or in part, either payable or required to be provided under any Workmen's Compensation Law or (ii) *other employment by the insured. . ."* (Emphasis supplied.) A special equipment inclusion endorsement on the policy provided "In consideration of the premium at which this policy is written, it is agreed that such insurance as is afforded by the policy for bodily injury liability, property damage liability and medical payments applies with respect to the following described special equipment: . . . Hyd-pad Packer Body subject to the following provisions: 1. Such insurance as is afforded by the policy for bodily injury, liability, property damage liability and medical payments applies to the above described equipment if incapable of moving under its own power while towed by or carried on an automobile insured under the policy. 2. Such insurance as is afforded by the policy for bodily injury liability, property damage liability and medical payments does not apply to any accident arising out of the operation, unless such operation, maintenance or use is solely for the purpose of locomotion."

The appellee moved for summary judgment on several grounds and the motion was granted. *Held:*

1. This case, as to lack of coverage, is controlled by the decision of this court in *Midland Nat. Ins. Co. v. Wright,* 117 Ga. App. 208 (160 SE2d 262) that such exclusion of an employee of the insured prevents coverage under the policy. That the compactor was also included in the coverage afforded under Coverage (A) (bodily injury) and coverage (B) (property damage) does not make the coverage as to the compactor an exception to the exclusion clauses as to such coverages. Under provisions of the policy, medical payments under (C) are only payable if there is coverage under A (bodily injury).

2. Whether the clauses relating to special equipment and the compactor do, or do not prevent coverage, it is not necessary to decide.

3. The alleged representations by an agent of the insurer that the policy as written covered employees cannot vary or change the terms of the policy. *Parris & Son v. Campbell,* 128 Ga. App. 165 (196 SE2d 334).

4. The trial judge did not err in granting summary

judgment to the appellee.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 7, 1975 — DECIDED SEPTEMBER 2, 1975.

*John V. Burch,* for appellant.
*Gary Ackerman, Eugene S. Partain,* for appellee.