31178. FULCHER et al. v. EIGHTH STREET LAND COMPANY, INC. et al.

NICHOLS, Chief Justice.

Eighth Street Land Company, Inc. filed suit to recover 13.98 acres of land claimed by the appellants. The property in question was included in a 36.82 acre tract conveyed by warranty deed to Eighth Street Land Company, Inc. in 1969. The appellants claimed title by virtue of a year's support judgment entered in 1940. In 1974 appellants fenced in their property, including the 13.98 acres in dispute here. The appellants make no contention as to title by prescription, but based their claim on record title only. The jury found for the appellees.

The appellants' motion for new trial was overruled and this appeal followed.

The appellants, in their claim of title, rely on a deed to 13 acres of land executed in 1906 from J. A. Fulcher to John E. Fulcher, appellant's father. It is contended that said land was included in the year's support judgment rendered in 1940. The description in the 1906 deed recites: "All that tract or parcel of land lying in the 124th Dist. G. M. containing Thirteen Acres, more or less, Bounded on the North by Anderson Easterling, and on the East by Estate of Harrison and on the South by Lily V. Fulcher on the West by Lily V. Fulcher."

In *Cross v. Nicholson,* 211 Ga. 769, 770 (88 SE2d 390) (1955), this court held a description identical in form to the description in the deed here involved to be void as insufficient. The court then held: "It therefore appears that the description in the deed here involved fails to identify the land attempted to be conveyed or to furnish a key whereby it can be identified. Hence it follows that the petitioner has failed to prove that the land in question belongs to her, and the verdict for the defendant was demanded."

Without deciding whether the enumeration of error relating to the charge constituted error, the deed relied on by appellants was an insufficient conveyance under the decision in *Cross,* supra, and the evidence demanded the verdict for the appellees. The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED JUNE 14, 1976 — DECIDED JULY 9, 1976.

*Willingham & Houston, Julian B. Willingham,* for appellants.

*Coleman, Allen & Hodges, Bill Coleman, Thomas L. Hodges, III, Regnald Maxwell, Jr., Charles F. Miller,* for appellees.