33639. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. WALL.

HILL, Justice.

E. B. Wall and his son Hugh Wall[1] filed suit in the Superior Court of Schley County on March 23, 1973, seeking to reform the coverage provisions of an insurance contract issued by the defendant, Georgia Farm Bureau Mutual Insurance Company, on the basis of alleged mutual mistake. The insurance company answered and subsequently filed a motion for summary judgment which was granted. On appeal, this court reversed (*Wall v. Ga. Farm Bureau Mut. Ins. Co.,* 238 Ga. 275 (232 SE2d 555) (1977)), finding that there were genuine issues of material fact to be tried.

E. B. Wall amended his complaint to add a second count realleging the allegations in the original complaint and seeking recovery of damages for breach of the policy as it would be when reformed. Pursuant to a stipulation of the parties, the two matters were severed. Upon the trial of the reformation issue, the jury returned a general

---

[1] Hugh Wall was subsequently dropped as a party by stipulation of the parties approved by the trial court.

verdict for the plaintiff and the trial court entered an order that the insurance contract be reformed.

1. Following Code Ann. § 81A-154 (b), the trial court included in its order the required express direction entering final judgment on Count 1 and the required express determination that there was no just reason for delay in the entry of final judgment. Such certification is appropriate where, in the words of Code Ann. § 81A-154 (b), "more than one claim for relief is presented in an action . . ." Here, however, the trial court erred in ruling that the two "counts" (for reformation of the policy and damages for breach of the reformed policy) were separate claims. A suit for reformation and damages for breach of the reformed contract constitutes only one claim for relief.[2] In cases such as this, however, where the trial court erroneously enters a certification pursuant to Code Ann. § 81A-154 (b), this court may treat the certification as one entered pursuant to Code Ann. § 6-701 (a) (2).[3] Having so considered this matter, the court hereby grants the application for interlocutory appeal and considers the errors enumerated.

2. The jury was authorized by the evidence to find the following facts: The defendant issued to plaintiff a farmowner's insurance policy covering plaintiff's house and appurtenant structure and certain other buildings, for a period of twelve months. The house and its appurtenant structure were covered against damage caused by ice and snow. When issued, the policy did not cover plaintiff's poultry and brooder houses and

---

[2]See Schiel v. New York Life Ins. Co., 178 F2d 729 (9th Cir. 1949); see also Canister Co. v. National Can Corp., 163 F2d 683 (3rd Cir. 1947). For a discussion of the multiple claims requirement under F.R.C.P. 54 (b), see Rees, "Federal Rule 54 (b): The Multiple Claims Requirement," 43 Va. L. Rev. 229 (1957).

[3]Because in such cases the cause will have been treated by the trial court and the parties as an appeal from a final judgment, the time limitation imposed by Code Ann. § 6-701 (a) 2 on the parties and this court will not be applicable.

equipment. Plaintiff sought and later obtained an endorsement to cover his poultry houses. When defendant's agent inspected these houses to prepare the endorsement, plaintiff requested and, according to plaintiff's testimony, defendant's agent stated that the endorsement would provide coverage for damage caused by ice and snow. Also according to plaintiff's testimony, the agent's statement as to coverage was repeated when the endorsement was delivered. Plaintiff did not read the endorsement. Thereafter the buildings were severely damaged by ice and snow while the policy was in effect. Plaintiff testified further that when this loss was reported, the agent again said that the poultry houses were covered. The agent's testimony contradicted that given by plaintiff, his wife and son.

Before decreeing reformation "The authorities all require that the parol evidence of the mistake and of the alleged modification must be most clear and convincing, —in the language of some judges, 'the strongest possible,' —or else the mistake must be admitted by the opposite party . . ." 3 Pomeroy, Equity Jurisprudence, § 859a (5th Ed. 1941). *Harp v. Bacon,* 222 Ga. 478, 483 (150 SE2d 655) (1966); *Hartford Acc. &c. Co. v. Walka Mountain Camp No. 565,* 224 Ga. 194 (160 SE2d 833) (1968). Although the evidence as to the mistake must be clear, unequivocal and decisive (Code § 37-202), there is no rule that reformation will be denied unless the mistake be admitted by both parties.

The defendant objected to testimony by the plaintiff that the defendant's agent said the plaintiff had "coverage" or was "covered" against ice and snow damage. Defendant objected to such testimony on the grounds, among others, that it was a legal conclusion and the ultimate issue in the case, that the agent was not authorized to enter into such a contract, and that such testimony violated the parol evidence rule. Regardless of what the rule may be as to a party testifying as to a legal conclusion (the ultimate issue in the case) in his favor, a party generally is permitted to testify that his opponent made a legal conclusion against himself; i.e., made an admission against interest (in an auto accident case, the plaintiff could testify that the defendant said: "I'm sorry;

it was my fault"). Green, Georgia Law of Evidence, §§ 113, 234, 242 (1957).

The evidence does not show that the agent lacked authority to write insurance against ice and snow damage. In fact he wrote such insurance as to the farm dwelling in this case and was authorized to do so as to other farm buildings. Defendant may be arguing that its agent lacked authority to enter into any contract not shown by the writing. However, as has often been said, corporations act only through agents, and such a rule in this case would insulate all corporations from suits for reformation of their contracts. We have found no case holding that insurance contracts are immune to suits for reformation. See *Aetna Cas. &c. Co. v. Horton,* 232 Ga. 355 (206 SE2d 487) (1974); *Great Am. Indem. Co. v. Southern Feed Stores, Inc.,* 184 Ga. 560 (192 SE 1) (1937); *Niagara Fire Ins. Co. v. Jordan,* 134 Ga. 667 (68 SE 611) (1910).

In a suit for reformation of contract based upon alleged mutual mistake, the parol evidence rule does not bar introduction of testimony as to the oral agreement reached by the parties which the writing was intended to reflect. *Cotton States Life Ins. Co. v. Carter,* 65 Ga. 228 (1880); *Green v. Johnson,* 153 Ga. 738 (7) (113 SE 402) (1922).

The statements made by the insurance company's agent, as testified to by the plaintiff, as to what the policy would cover, were not inadmissible as relating to future events. Moreover, the plaintiff's son testified that in the midst of the storm he reported the loss being incurred and the agent said that the poultry houses were covered against loss due to ice and snow but they might as well wait until the storm was over before inspecting the damage.

The defendant urges that the plaintiff could read and that by failing to read the endorsement in conjunction with the policy, he is estopped by his own negligence from obtaining reformation. The failure of a party to read a contract which is not signed by that party, such as a policy of insurance, does not bar reformation as a matter of law. *Niagara Fire Ins. Co. v. Jordan,* supra; *Overland Southern Motorcar Co. v. Maryland Cas. Co.,* 147 Ga. 63, 66-69 (92 SE 931) (1917). In the *Niagara Fire Ins. Co.* case, supra, the

court said (134 Ga. at 671): "It is contended that the plaintiff's failure to inspect the policy which was in his possession for nearly three months amounts to such laches and negligence on his part as to preclude any right of reformation of the policy. The trend of authority is that a mere failure of the insured to read his policy does not amount to such laches as will debar him from having such policy reformed for mistake therein. [Cits.] A policy of insurance is issued by the insurer and signed by him or his agent; it is not contemplated that the insured shall sign it. In the insurer's promise to deliver an accurate policy, according to his oral agreement with the insured, the insured has a just expectation that there will be no designed variance. A man should not be permitted for his pecuniary advantage to impute it to another as gross negligence that the other trusted to his fidelity to his promise."

In *Birmingham Fire Ins. Co. v. Commercial Transportation, Inc.,* 224 Ga. 203 (2) (160 SE2d 898) (1968), the court said: "The mere failure to discover a conflict between the terms of an oral contract as to what a policy of insurance is to contain and what it actually contains until after a loss occurs is a circumstance to be considered by the jury in determining the truth of the issue, but such failure to discover the discrepancy will not bar the reformation of the contract as a matter of law."

3. Pursuant to Code Ann. § 81A-149 (b), the insurance company timely requested a special verdict and proposed specific questions for submission to the jury. The trial judge orally charged on certain of those questions but he declined, over the insurance company's timely objection to the charge, to require a special verdict. The requirements of a special verdict are not met by instructing the jury orally as to the questions which must be resolved by it in arriving at a verdict. See *Allen v. Allen,* 198 Ga. 269 (5) (31 SE2d 483) (1944). Although the trial court was not required to submit the insurance company's proffered questions as written, it was required by Code Ann. § 81A-149 (b) to require a special verdict.[4] The judgment, therefore, must be reversed.

---

[4]Code Ann. § 81A-149 (b) is similar to former Code

*Judgment reversed. All the Justices concur except Jordan and Marshall, JJ., who dissent as to Division 2 and concur specially in the judgment, Undercofler, P. J., who dissents as to Division 3 and as to the judgment, and Bowles, J., who is disqualified.*

ARGUED JUNE 13, 1978—DECIDED SEPTEMBER 7, 1978— REHEARING DENIED SEPTEMBER 26, 1978.

*Jesse G. Bowles, III, Albert W. Stubbs,* for appellant.

*Smith & Jones, Henry O. Jones, III, William E. Smith,* for appellee.

JORDAN, Justice, concurring specially.

I dissent as to Division 2 of the opinion but concur in the judgment of reversal.

In my opinion the trial court erred in allowing testimony as to declarations of an agent of the insurance company that the plaintiff was "covered" or "fully covered."

Insurance is a matter of contract and in Georgia a policy of insurance must be in writing. Code Ann. §§ 56-2402, 56-2413. The plaintiff was bound by the terms of the contract of insurance which was delivered to him and which apparently was not examined by him as to the terms of its coverage. The plaintiff was bound by the provisions of the policy issued to him.

I am authorized to state that Justice Marshall joins in this special concurrence.

Ann. § 37-1104, which was repealed by Code Ann. § 81A-201 (g). The predecessor to Code Ann. § 37-1104, § 4849 of the Code of 1895, had been construed by this court to be mandatory. *Roby v. Newton,* 121 Ga. 679, 686 (49 SE 694) (1904). Subsection (b) of Code Ann. § 81A-149 is unlike its federal rule counterpart. Ga. L. 1972, pp. 689, 696. *Pressley v. Jennings,* 227 Ga. 366 (20) (180 SE2d 896) (1971), was decided before the enactment of Code Ann. § 81A-149 (b) in 1972.

UNDERCOFLER, Presiding Justice, dissenting.

The trial judge in this case submitted three questions orally to the jury with instruction to find for the plaintiff if they were answered affirmatively. The majority reverses because the questions were not submitted in writing and answered individually as required by Code Ann. § 81A-149. In my opinion appellant was not prejudiced and the irregularity is harmless.