36359. SOUTHERN GUARANTY INSURANCE COMPANY v. POWELL et al.

CLARKE, Justice.

In 1978, Michael C. Powell was in the process of purchasing a certain business which involved a store building and a warehouse. During this time, he contacted his own insurance agent, Edwards, who in turn brought the Jack Hester Agency into the negotiations. Hester submitted to Powell a proposed policy to be issued by Southern Guaranty Insurance Company; and, after certain negotiations as to premium, an agreement was reached and the policy was delivered to Powell in April, 1978.

The policy as delivered provided fire coverage for both of the buildings and coverage for the contents of the store building but not for the warehouse. Powell contends that he intended to secure coverage for the warehouse contents and that upon delivery of the policy he believed such coverage existed. Upon discovering the lack of coverage, Powell contacted his original agent Edwards, who thereafter caused a representative of the Jack Hester Agency to contact Powell by telephone. It is Powell's position that during this conversation he informed the agent that the insurance coverage was not right and should be corrected. Southern Guaranty denies that it was ever informed of any error in the policy.

Several months later, a fire loss occurred and Powell made a claim for the contents of the warehouse building. Southern Guaranty filed suit for declaratory judgment as to the extent of the policy and stating that it intended to defend the entire claim on the grounds of

arson. Powell counterclaimed praying for a reformation of the insurance contract in order that it might speak the intent of the parties. The trial court dismissed Southern Guaranty's complaint as not being an appropriate matter for declaratory relief and denied Southern Guaranty's motion for summary judgment as to the counterclaim.

The appeal pending here is to the denial of the motion for summary judgment on the counterclaim.

Southern Guaranty contends that Powell's failure to reject the policy upon receipt bars his claim for reformation of the policy. In taking this position, it relies upon a line of cases which hold that alleged representations by an agent of the insurer as to coverage cannot vary or change the terms of the policy. *Georgia Mut. Ins. Co. v. Meadors,* 138 Ga. App. 486 (226 SE2d 318) (1976); *Cole v. State Farm Mut. Ins. Co.,* 135 Ga. App. 557 (218 SE2d 279) (1975); *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165 (196 SE2d 334) (1973).

We do not find the cases relied upon by Southern Guaranty to be applicable in the case now pending before the court. This case is controlled by *Georgia Farm Bureau Mut. Ins. Co. v. Wall,* 242 Ga. 176 (249 SE2d 588) (1976). In *Wall,* we held that the failure of the insured to discover the mistake prior to the loss did not as a matter of law bar a claim for reformation. We further held that parol evidence can be offered to prove mistake. Therefore, the trial court was correct in denying Southern Guaranty's motion for partial summary judgment.

*Judgment affirmed. All the Justices concur, except Jordan, P. J., Bowles and Marshall, JJ., who dissent.*

SUBMITTED JUNE 13, 1980 — DECIDED SEPTEMBER 24, 1980 — REHEARING DENIED OCTOBER 7, 1980.

*I. J. Parkerson, William S. Shelfer, Jr.,* for appellant.
*John K. Dunlap, Larry D. Tew,* for appellees.