A89A0952. HEARN v. GREAT SOUTHWEST SURPLUS LINES INSURANCE COMPANY.

(386 SE2d 859)

SOGNIER, Judge.

Great Southwest Surplus Lines Insurance Company brought a declaratory judgment action to determine its liability under an insurance policy issued to Charles Posey. The trial court granted Great Southwest's motion for summary judgment, and Cliff Hearn d/b/a Cliff Hearn Agency, an intervenor defendant, filed this appeal.

The record reveals that Charles Posey, who owned a farm at which he occasionally boarded animals owned by others, testified by deposition that he requested appellant, his insurance agent, to procure liability insurance to cover any loss of or injury to the boarded animals. Appellant testified that he submitted Posey's application for comprehensive general liability insurance to Southern Insurance Underwriters, Inc. (SIU), a managing general agent for numerous insurance companies, including appellee, and with whom appellant had a producer agreement. Appellant further testified that he was assured by an SIU representative that liability coverage could be obtained to cover the animals, and that he relied upon SIU's expertise to procure the necessary coverage. Sam Pritchard, an SIU employee, testified by deposition that he processed the application received from appellant and that SIU issued an owner's, landlord's, and tenant's liability policy from appellee rather than the type of policy requested by appellant because the former was more "pertinent" to Posey's needs, and that in his opinion no insurer offered a liability policy that would cover the risk at issue. Posey acknowledged that he did not read the policy, but instead relied on appellant's assertion that the requested coverage was included. Both Posey and appellant testified that after Posey received the policy and questioned whether it covered the boarded animals, appellant telephoned SIU and received assurance that the policy issued covered that risk.

Posey subsequently submitted a claim under the policy when a bull in his care died, but appellee denied coverage because of a policy provision which excluded "property damage to . . . property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control." Appellee then brought this declaratory judgment action against Posey and the bull owners to determine whether it was obligated to compensate Posey for the loss of the bull. Posey counterclaimed for reformation and bad faith refusal to pay, but the trial court dismissed his claims without prejudice. Appellant intervened and also filed a counterclaim for indemnity and reformation, of which the indemnification claim was dismissed. The trial court then granted summary judgment to appellee on the liability issue because of the policy exclusion.

Appellant concedes that the clause quoted above excludes Posey's claim for the loss of the bull, but contends the trial court erred by barring parol evidence concerning the parties' intentions and by concluding Posey's failure to read the policy precludes any claim of coverage thereunder. We agree with the trial court that Posey's admitted failure to read the policy precludes any claim for coverage under the policy as issued. *Barnes v. Mangham*, 153 Ga. App. 540 (265 SE2d 867) (1980). Appellant's contention that fact questions remain regarding whether appellee's agents negligently or fraudulently failed to obtain the requested coverage is without merit, as the failure to examine the policy also bars those claims. See *Greene v. Lilburn Ins. Agency*, 191 Ga. App. 829 (383 SE2d 194) (1989); *Life Ins. Co. of Va. v. Conley*, 181 Ga. App. 152 (351 SE2d 498) (1986).

However, we do agree with appellant that Posey's failure to read the policy does not defeat the counterclaim for reformation, as "[t]he failure of a party to read a contract which is not signed by that party, such as a policy of insurance, does not bar reformation as a matter of law. [Cits.]" *Ga. Farm Bureau &c. Ins. Co. v. Wall*, 242 Ga. 176, 179 (249 SE2d 588) (1978). Thus, as parol evidence is admissible to show mistake, *Southern Guaranty Ins. Co. v. Powell*, 246 Ga. 487, 488 (271 SE2d 831) (1980), the testimony of Posey and appellant presents a genuine issue of material fact and precludes summary judgment on the claim for reformation. See *Wall v. Ga. Farm Bureau &c. Ins. Co.*, 238 Ga. 275 (232 SE2d 555) (1977). Accordingly, we affirm the trial court's ruling that the policy as issued did not cover the loss of the bull, but reverse the holding that parol evidence was inadmissible and remand this action for determination whether the policy should be reformed to reflect the true intention of the parties.

*Judgment affirmed in part, reversed in part, and case remanded. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 26, 1989.

*Simpson & Gray, Ralph F. Simpson*, for appellants.
*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy, Roberts, Roberts & Engram, Lawrence W. Roberts, Watson, Spence, Lowe & Chambless, John M. Stephenson*, for appellee.