### A01A0602. JACOBS et al. v. AMERICAN INTERSTATE INSURANCE COMPANY.
#### (549 SE2d 767)

ANDREWS, Presiding Judge.

We must determine whether a commercial general liability insurance policy issued by American Interstate Insurance Company to Greg Lee d/b/a Greg Lee Logging (Lee Logging) provides coverage for wrongful death and personal injury claims brought against Lee Logging resulting from a collision involving a truck driven by Stephanie Jacobs and a tractor-trailer driven by a Lee Logging employee. Because we find that the "auto" exclusion clause in the policy unambiguously excludes coverage for these claims, we affirm the trial court's grant of summary judgment in favor of American Interstate in its declaratory judgment action asserting lack of coverage.

The American Interstate policy provides coverage for " 'bodily injury' or 'property damage' to which this insurance applies," but contains an exclusion which provides in relevant part that:

> This insurance does not apply to: . . . "[b]odily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading." This exclusion does not apply to: . . . [p]arking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured. . . .

Under the policy, "auto" is defined as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment."

The collision at issue occurred on September 21, 1998, while the above policy was in effect, as a Lee Logging employee was driving a tractor-trailer rig in the course of his employment. The tractor portion of the rig was attached to and pulling a lowboy trailer loaded with a logging skidder. The skidder, which was wider than the trailer, extended two feet off each side of the trailer. When the tractor-trailer met Ms. Jacobs's truck traveling in the opposite direction on a two-lane bridge, the overhanging portion of the skidder struck

Ms. Jacobs's truck fatally injuring Ms. Jacobs and injuring her two children who were passengers in the truck.

The injuries resulting from this collision were the basis for the claims made against Lee Logging in a suit filed by Herbert Jacobs as Ms. Jacobs's surviving spouse and executor and as guardian of the children. As a consequence of this suit, American Interstate filed the present declaratory judgment action in which the trial court granted its summary judgment motion on the basis of the "auto" exclusion in the policy and declared that the policy issued to Lee Logging provided no coverage for the claims arising from the collision. Mr. Jacobs appeals from the grant of summary judgment.

1. Mr. Jacobs contends that the "auto" exclusion does not apply because the collision did not arise out of the "use" of an "auto." Although he concedes that the tractor-trailer being used by Lee Logging during the collision was an "auto" as defined by the policy, he contends the collision itself did not involve the "use" of the tractor-trailer because the point of contact in the collision was between the truck and the overhanging portion of the skidder. Since the skidder was a piece of equipment not defined as an "auto" under the policy, Mr. Jacobs contends that the trial court erred by applying the "auto" exclusion to determine there was no coverage.

This is an overly narrow application of the exclusion. Obviously, the skidder would not have made contact with the truck but for the fact it was being transported by Lee Logging's tractor-trailer. The collision and resulting injuries clearly flowed from Lee Logging's "use" of the tractor-trailer as contemplated by the "auto" exclusion. *Ins. Co. of North America v. Dorris*, 161 Ga. App. 46, 47-48 (288 SE2d 856) (1982); *Grain Dealers Mut. Ins. Co. v. Pat's Rentals*, 228 Ga. App. 854 (492 SE2d 702) (1997), rev'd on other grounds, 269 Ga. 691 (505 SE2d 729) (1998).

2. Mr. Jacobs contends there is a coverage ambiguity in the policy that the trial court should have interpreted in his favor because the "auto" exclusion conflicts with coverage provided for "use" of an "auto" under the "excess insurance" endorsement in the policy.

The "excess insurance" endorsement referred to by Jacobs provides in relevant part that: "This insurance is excess over: . . . [a]ny of the other insurance, whether primary, excess, contingent or on any other basis: . . . [i]f the loss arises out of the maintenance or use of . . . 'autos' . . . to the extent not subject to Exclusion g. of Coverage A (Section I)." It is undisputed that "Exclusion g. of Coverage A (Section I)" is the "auto" exclusion in the policy. Accordingly, the phrase "to the extent not subject to Exclusion g. of Coverage A (Section I)" in the excess insurance provision plainly states that excess insurance is provided only to the extent it is not excluded from coverage under the "auto" exclusion. We agree with the trial court's conclusion that,

while there could be losses involving an "auto" which are not excluded from coverage under the "auto" exclusion (for example, "auto" parking specifically excepted from the exclusion), that is not the case with the use of the tractor-trailer in the collision at issue. Giving effect to the plain meaning of these provisions, we find no conflict between the "auto" exclusion and the "excess insurance" coverage and no ambiguity in the coverage. See *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996).

3. Mr. Jacobs also contends that a coverage ambiguity was created because sometime after the accident, American Interstate representatives said they thought the policy provided coverage for the collision.

No ambiguity or other issue with respect to coverage was created by these statements. The statements, which amounted to mere opinions given by agents of the insurer that the policy as written provided coverage for the collision, cannot change the unambiguous terms of the policy. *Cole v. State Farm &c. Ins. Co.*, 135 Ga. App. 557, 558 (218 SE2d 279) (1975); *Parris & Son, Inc. v. Campbell*, 128 Ga. App. 165 (196 SE2d 334) (1973).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED JUNE 1, 2001.

*Franklin, Taulbee, Rushing, Snipes & Marsh, James B. Franklin, Daniel B. Snipes*, for appellants.

*Donahue, Hoey, Rawls & Skedsvold, William J. Rawls II, Dana F. McBride, Craig R. White, Glover & Blount, Gary A. Glover, Alembik, Fine & Callner, Mark E. Bergeson*, for appellee.