A05A0964. COFFIELD v. ALLSTATE INSURANCE COMPANY.
(618 SE2d 180)

MILLER, Judge.

Faye Coffield sued Allstate Insurance Company on her own behalf for negligent misrepresentation and fraud arising from Allstate's issuance of an insurance policy for Coffield's condominium, which was damaged by fire. Coffield appeals from the trial court's grant of summary judgment to Allstate on the ground that representations by Allstate agents that Coffield had adequate coverage were not sufficient to raise a question of fact concerning the plain terms of her policy. We find no error and affirm.

On appeal from a grant of a motion of summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

---

So viewed, the record shows that in late 1998, Coffield's condominium was damaged by a tenant. When she filed a claim under her Allstate condominium owner's policy, she discovered that although the policy granted her $36,000 in personal property coverage, it allowed only 10 percent of that amount as to claims arising from vandalism. After Allstate settled Coffield's 1998 claim for $3,600, Coffield contacted her Allstate agent, who assured her that she had sufficient coverage in case of fire. The policy issued in early 1999 maintained the same levels of coverage, however.

On June 13, 1999, Coffield's condominium was damaged by fire. She filed a second claim, but was again told that she was entitled to only $3,600 (minus a $250 deductible) for such damage. Coffield then brought this action, alleging negligent misrepresentation, fraud, and other wrongs in a verified complaint. Allstate's motion for summary judgment was granted, and this appeal followed.

As a preliminary matter, we note that Coffield's affidavit in support of her opposition to Allstate's motion for summary judgment has not been notarized. Thus it has no status as fact, and cannot be considered on summary judgment. See *Allen v. Caldwell*, 221 Ga. App. 54, 55 (1) (470 SE2d 696) (1996).

However, Coffield's original complaint was verified. In the course of that complaint, she asserted that "[p]rior to 13 June 1999[, and] on at least three separate occasions, [Coffield] asked [an Allstate agent] if she was properly insured on all her policies with Allstate to protect her financial interests," and that the Allstate agent "assured her [that] she was." Coffield's verified complaint also avowed that "Allstate issued [her] insurance policies in amounts and with provisions which they knew or should have known did not adequately protect her financial interests," and that "Allstate issued [her] a policy which they knew or should have known did not meet the specifications she stated in her application for insurance."

Statements made in a verified complaint have the status of fact for purposes of surviving a motion for summary judgment. *Cohen v. Nudelman*, 269 Ga. App. 517, 520 (1) (a) (604 SE2d 580) (2004); *Weekes v. Nationwide Gen. Ins. Co.*, 232 Ga. App. 144, 149 (3) (b) (500 SE2d 620) (1998). Even accepting Coffield's account as laid out in her verified complaint, however, Allstate's misrepresentations are not actionable. Statements made by an insurer or its agent concerning coverage "amount[ ] to mere opinions . . . which cannot change the unambiguous terms of the policy." *Jacobs v. American Interstate Ins. Co.*, 249 Ga. App. 795, 797 (3) (549 SE2d 767) (2001). Even when the insurer's agent holds himself out as an expert under circumstances in which the insured must rely on that expertise, the insured's "duty to read remains where an examination of the policy would have made it readily apparent that the coverage contracted for was not issued."

(Citation omitted.) *Nash v. Ohio Nat. Life Ins. Co.*, 266 Ga. App. 416, 420-421 (1) (597 SE2d 512) (2004).

Here, the policy stated its limits of coverage on its face. Thus the trial court did not err in granting summary judgment to Allstate. See *Jacobs*, supra, 249 Ga. App. at 797 (3).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 26, 2005 — ▮▮▮▮▮▮▮▮

Faye Coffield, *pro se.*

*Webb, Zschunke, Neary & Dikeman, Marvin D. Dikeman*, for appellee.